## MATTER OF MEHTA

### In Deportation Proceedings

### A-18438770

*Decided by Board August 17, 1973*

A nonimmigrant student's 23-day incarceration resulting from conviction for the crimes of profanity in public and breach of peace was inconsistent with the purpose for which he was admitted and constituted a violation of his nonimmigrant student status where such incarceration meaningfully interrupted the pursuit of his academic studies (as evidenced by his lack of satisfactory progress toward his degree). Therefore, he is deportable under section 241(a)(9) of the Immigration and Nationality Act for failure to comply with the conditions of nonimmigrant (student) status under which admitted. [*Matter of C—*, 9 I. & N. Dec. 100, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant (student) status under which admitted.

ON BEHALF OF RESPONDENT:
Bernard P. Becker, Esquire
Legal Aid Society, Inc.
501 Park Avenue
Minneapolis, Minnesota 55415
(Brief filed)

ON BEHALF OF SERVICE:
John W. Bowser
District Director

This is an appeal from a decision of an immigration judge finding the respondent deportable as charged and ordering his deportation. During the pendency of the appeal the Service has filed a motion to reopen the proceedings and remand to the immigration judge for further hearing. The Service motion will be denied and the appeal will be dismissed.

The respondent is a 26-year-old unmarried male alien, a native and citizen of India, who entered the United States on or about September 3, 1968 as a nonimmigrant student for a temporary period. At a hearing before an immigration judge, at which he was represented by present counsel, respondent denied the truth of allegations 7, 8, and 9 of the order to show cause and denied deportability.

451

At the hearing the respondent admitted·that he was convicted in Hennepin County, Minnesota for the crimes of profanity in public and breach of the peace (Tr. p. 22 and Ex. 5). The record indicates that he was sentenced to serve 90 days in jail as a result, that he actually was incarcerated in the Minneapolis City Workhouse, Wayzata, Minnesota from February 14, 1973 to March 9, 1973 (Ex.5), and that he was released on parole for the balance of the term (Ex. 6). The immigration judge concluded that the respondent had violated the conditions of his nonimmigrant student status in that his imprisonment was inconsistent with the purpose for which he was admitted. The immigration judge found the respondent deportable under section 241(a)(9) of the Immigration and Nationality Act.

We agree with the immigration judge that the respondent's 23-day incarceration constitutes a substantial violation of the terms of his student status.[1] Counsel's contention that the respondent's studies were not meaningfully interrupted thereby is contradicted by evidence that the respondent was not in fact making satisfactory progress toward his graduate degree, as of March 5, 1973 (Ex. 4).

The present case is distinguishable from *Matter of C—*, 9 I. & N. Dec. 100 (BIA, 1960), upon which counsel relies. In that case the alien was convicted for disorderly conduct but was not incarcerated, and he continued his course of study and school attendance without interruption.We recognized this very distinction in *Matter of C—*, supra, wherein we rejected the Service's contention that *Matter of A—*, 6 I. & N. Dec. 762 (BIA 1955) should control. *Matter of A—*, supra, involved a nonimmigrant visitor who was convicted and imprisoned for disorderly conduct. We held there, as we hold today, that incarceration for a substantial period for a criminal offense constitutes a violation of nonimmigrant status, in that the respondent is no longer pursuing the purpose for which he was admitted.

We have reached the same conclusion in a case where a nonimmigrant visitor was not incarcerated for the offense, *Matter of Neely and Whylie*, 11 I. & N. Dec. 864 (BIA 1966). In that case we commented on *Matter of C—*, supra, to emphasize that respondent C's studies had not been meaningfully interrupted as a result of

---

[1] While we do not rely on any facts asserted in the Service motion to reopen, we note in passing that it alleges that on June 26, 1973 the respondent's parole was revoked and he was committtted to serve the remaining 67 days of his 90-day sentence. Respondent's representative does not deny that he is at present in detention.

his conviction, whereas a visitor's conviction of a criminal offense is clearly inconsistent with his pursuit of pleasure.

Our review of the facts and the applicable law therefore satisfies us that deportability has been established by clear, convincing, and unequivocal evidence. We concur in the findings of the immigration judge and his decision will be affirmed.

**ORDER:** The Service motion to reopen is denied and the appeal is dismissed.