## MATTER OF LIBURD

### In Deportation Proceedings

#### A-20411943

*Decided by Board August 17, 1976*

(1) The "60-day rule" agreement between Virgin Islands employers and the Immigration and Naturalization Service which provides that following termination of employment, an H-2 worker may have up to 60 days to obtain authorization for other employment in the Islands or depart from the United States, has no bearing on the date to which the alien is authorized to remain in the United States. The date shown on the documents governs.

(2) Where respondent was admitted as an H-2 temporary worker authorized to remain until March 3, 1975 but became unemployed August 12, 1974 and did not obtain reemployment and recertification within the 60 days grace period granted by the Service, she was deportable under section 241(a)(9) of the Immigration and Nationality Act as an alien who has failed to maintain status. Orders to show cause drawn under section 241(a)(2) of the Act issued Jan. 29, 1975 which charged that respondent had remained longer than permitted because she had failed to depart by October 11, 1974 were improperly drawn because they did not state the proper charge or ground on which respondent's deportation was being sought.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant— remained longer than permitted

ON BEHALF OF RESPONDENT: Sharon L. Nolan, Esquire
#4 Nye Gade
St. Thomas, V. I. 00801

In a decision dated March 13, 1975 the immigration judge found the respondent deportable as charged and granted her the privilege of voluntary departure in lieu of deportation. The respondent appeals from that order. The appeal will be sustained.

The respondent, native of British West Indies and a citizen of the United Kingdom, entered the Virgin Islands of the United States as a nonimmigrant temporary worker (H-2 visa), authorized to remain until March 3, 1975. An order to show cause was issued on January 29, 1975 charging the respondent with remaining beyond the authorized period of admission under section 241(a)(2) of the Immigration and Nationality Act.

At issue in this case is the effect of the so-called "60 day rule."

Pursuant to the agreement between employers of H–2 temporary work-ers and the Immigration and Naturalization Service, each worker te-porarily admitted to the Virgin Islands or permitted to remain the temporarily is given a 60-day grace period within which to depart th United States or to obtain authorization for new employment after his previously certified employment has terminated. It appears to be the position of the Service that an H–2 worker who remains 60 days beyond the termination of employment without obtaining authorization for new employment is deportable as an overstay even though the period of stay granted the respondent at entry has not yet expired.

It is alleged in the order to show cause that on August 12, 1974 the respondent's employment was terminated and that the respondent re-mained more than 60 days beyond that date. On the basis of these allegations the respondent was charged with deportability as an over-stay. At the hearing the respondent admitted that her employment had been terminated but disputed the exact date of the termination. It is conceded, however, that 60 days had passed since she had left her employment when the order to show cause was issued.

Once a nonimmigrant has been admitted for a fixed period, within that period his stay is not unlawful unless he violates one of the conditions of his admission. *Matter of Siffre*, 14 I. & N. Dec. 444 (BIA 1973). The date until which the alien is authorized to stay is not affected by the agreement entered into between the employer and the Immigration and Naturaliza-tion Service, of which the 60-day rule is a part.

Failure to keep authorized employment or to obtain new employment for which certification has been issued indicates that the alien is no longer pursuing the purpose for which he was admitted. A nonimmi-grant temporary worker thereby becomes subject to deportation for failure to maintain status under section 241(a)(9) of the Act. Accord, *Matter of Mehta*, 14 I. & N. Dec. 451 (BIA 1973). Apparently the Service, through application of its 60-day rule, has determined that it will allow an H–2 worker 60 days in which to obtain new certification after his previously certified employment has terminated before it will consider the alien out of status. Although the 60 days had passed in this case, the order to show cause does not allege that the respondent failed to maintain status nor does it charge her with being deportable under section 241(a)(9) of the Act.

Although the immigration judge's decision was entered after the respondent's authorized stay in the United States expired on March 3, 1975, the order to show cause was issued on January 29, 1975, and is based upon the fact that the respondent failed to depart by October 11, 1974, not by March 3, 1975. An alien is entitled to know the ground upon which his deportation is being sought. *Matter of Siffre*, supra. We conclude, therefore, that the charge is not sustained.

If the respondent's stay is not extended by the district director, for the purposes of fair disposition of these proceedings, she should be given a reasonable period of time, to be fixed by the district director, within which to depart. If she does not so depart, she may become deportable for remaining longer than permitted, and a new order to show cause may then be issued.

ORDER: The appeal is sustained and the proceedings are terminated.