**Jerry Lee HASKETT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1–284A38.

Court of Appeals of Indiana, First District.

Aug. 13, 1984.

Rehearing Denied Sept. 12, 1984.

Ronald L. Lehrman, Lebanon, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Defendant, appellant Jerry Haskett (Haskett) appeals a judgment from the Boone Circuit Court finding him guilty of attempted robbery, a class C felony and of robbery, also a class C felony.

We affirm.

On July 30, 1983, Haskett and his girlfriend, Rose Simms, were at Simms's apartment. Haskett was drinking vodka there and later that day at his mother's home. While the two were at Haskett's mother's house, Haskett proposed that they rob P.J.'s supermarket.

They drove to P.J.'s in his mother's car. Simms entered the store to buy some kool-aid and to see who was working while Haskett stayed in the car. When Simms was advised that there was no kool-aid for sale, she walked out and re-entered the car. Haskett then instructed Simms to take her toy gun and get money from the store clerks. Simms walked back into the store carrying the toy pistol. Simms never pointed the gun or made a threatening gesture, but instead kept the gun pointing down. One of the store clerks saw Simms slide the gun around the side of her purse, and he went to the rear of the store and called the police. A short time later, after Simms had failed to commit the robbery, she returned to the car.

Later that same day, Haskett and Simms proceeded to Reeves's Quick Stop, a grocery and liquor store in Lebanon, Indiana. Both Haskett and Simms entered the liquor store carrying toy guns, which they pointed at the clerk and her son. Haskett demanded money and was given fifty eight dollars in cash. The two then fled Reeves's and were later captured by Lebanon City Police.

■ The first issue Haskett presents on appeal is whether there is sufficient evidence to sustain his conviction of attempted robbery. It is a cardinal rule of appellate review that when sufficiency of the evidence is raised, we will consider only that evidence most favorable to the jury's verdict. Testimony of witnesses will not be reweighed nor their credibility re-examined. *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260, *Cert. den.*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The prosecutor had the burden of proving the following elements of the crime of attempted robbery beyond a reasonable doubt:

IND. CODE 35–41–5–1 ATTEMPT

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

IND. CODE 35–42–5–1 ROBBERY

A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon . . . .

■ In the instant matter, Haskett's liability for the crime of attempt is predicated on the theory of accessory as defined in IND.CODE 35–41–2–4 which reads as follows:

Aiding, inducing, or causing an offense—A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) Has not been prosecuted for the offense;

(2) Has not been convicted of the offense; or

(3) Has been acquitted of the offense.

While it is well settled that mere preparation is not sufficient to constitute an attempt to commit a crime, conduct which goes beyond mere preparation to constitute a substantial step toward the commission of the crime is sufficient. *Himes v. State,* (1980) 273 Ind. 416, 403 N.E.2d 1377. Exactly what constitutes a substantial step is a question for the jury. *Id.* Haskett argues that the evidence fails to show that Simms's conduct amounted to a substantial step toward the commission of the crime of robbery. Therefore, since Simms could not be found guilty of attempt, Haskett could not be found guilty of attempt as an accessory. Haskett asserts that Simms's actions amounted to only mere preparation to commit the crime of robbery. Alternatively, he asserts that Simms abandoned the plan to rob P.J.'s since she did not point the gun and demand money.

■ Here, the evidence most favorable to the judgment shows that on July 30, 1983, Haskett proposed to Simms that they rob P.J.'s supermarket in Lebanon, Indiana. They drove to the supermarket and Simms entered the store to check out who was there and to buy some kool-aid. She was unable to buy the kool-aid and so left the store and re-entered the car. Haskett then encouraged her to return to the store and also instructed her on how to proceed with the robbery using a toy gun. Simms re-entered the store with her toy gun, but did not proceed with the robbery.

Clearly, there is evidence of probative value supporting the trial court's decision that Simms's activities constituted a "substantial step" toward the commission of the crime of robbery. To reverse the court's decision in this regard would be to reweigh the evidence and usurp the power of the jury. This we will not do.

Furthermore, Haskett's behavior indicates the requisite intent to be an aider and abettor under I.C. 35-41-2-4. He not only encouraged Simms to return to the store, but he also instructed her how to proceed with the robbery. It is clear that Haskett provided the impetus for Simms's activities at P.J.'s market. We find no error in the trial court's conclusion that Simms's activities were a substantial step toward the commission of robbery or in its decision finding Haskett guilty of attempted robbery.

■ Haskett's second argument concerning abandonment is also without merit. Our supreme court in *Norton v. State,* (1980) 273 Ind. 635, 408 N.E.2d 514 has previously considered the effect of an accomplice's abandonment of a criminal enterprise on the liability of a co-defendant.

Fundamentally, the defense of abandonment is available to one who, through his own actions, withdraws his aid and encouragement and wholly and effectively detaches himself, from the criminal enterprise .... (citations omitted). [T]he defense is intended to be available only to the person who actually physically, and mentally, abandons the enterprise. This defense is not intended to protect a co-participant of the one who abandons, especially when the co-participant is not aware of the abandonment and takes no steps on his own to detach himself or withdraw his aid and encouragement from the crime.

408 N.E.2d at 535-6.

We see no evidence indicating that Haskett at any time abandoned his desire to have Simms complete the robbery of P.J.'s. Consequently, in light of *Norton* and the evidence, any defense of abandonment based on Simms's activities is unavailable to Haskett.

The second question for review is whether the jurors erred in determining that Haskett was guilty as charged rather than guilty, but mentally ill. Haskett maintains that the evidence presented at trial on his psychological disorders compelled the jurors to return a verdict of guilty but mentally ill pursuant to IND.CODE 35-36-1-1 and IND.CODE 35-36-2-3.

■ Our supreme court in *Resnover v. State,* (1982) Ind., 434 N.E.2d 78 clearly indicated that the task of weighing the evidence on the issue of insanity is a question solely reserved to the trier of fact.

The two court appointed psychiatrists concluded that Haskett was sane at the time the crimes occurred. Much of the evidence focused on Haskett's personality disorders including the disease of alcoholism. However, the jury was not required to find Haskett mentally ill, since I.C. 35–36–1–1 indicates that the disorder must substantially disturb the person's behavior.

'[M]entally ill' means having a psychiatric disorder which substantially disturbs a person's thinking, feeling, or behavior, and impairs the person's ability to function ....

In light of their collective experience, the jurors believed that Haskett's personality disorders did not rise to the level of substantially disturbing Haskett's behavior. The expert testimony supports the jury's determination. We will not reweigh the jury's decision and therefore, find no error in this regard.

Lastly, Haskett argues various errors in regard to the trial court's sentencing procedures. For purposes of our discussion here, we shall combine these various allegations of error into one issue. Haskett asserts that the trial court abused its discretion when it sentenced him to two consecutive eight-year terms of imprisonment for convictions of the crimes of robbery and attempted robbery, both class C felonies. He also asserts that the trial court failed to articulate the reasons for imposing consecutive as opposed to concurrent sentences.

It is well settled that the authority to determine the length of a sentence is in the trial court. *Bryan v. State*, (1983) Ind., 450 N.E.2d 53; IND.CODE 35–50–1–1. It is also within the trial court's discretion whether to impose the presumptive sentence, or an enhanced or mitigated sentence. *Gaunt v. State*, (1983) Ind., 457 N.E.2d 211; IND.CODE 35–50–1A–7. Our standard of review is that we will not adjust a sentence which is authorized by statute and which is not manifestly unreasonable in light of the nature of the offender. A sentence is not manifestly unreasonable if any reasonable person could find the sentence to be appropriate. A sentence will not be set aside merely because it may seem severe. *Priestley v. State*, (1983) Ind.App., 451 N.E.2d 88.

IND.CODE 35–50–2–6 provides that a person who commits a class C felony shall be imprisoned for a fixed term of five years, with not more than three years added for aggravating circumstances or not more than three years subtracted for mitigating circumstances. Here, Haskett was given eight years for each count, the maximum allowed for class C felonies. We disagree with Haskett's claim that the trial court failed to adequately disclose the particularized statement of reasons for enhancing the sentence.

The record shows that the trial court made lengthy remarks specifically informing Haskett why he was receiving the maximum sentence. First, the trial court recited Haskett's lengthy arrest record including his convictions of rape, D.W.I., and several public intoxication offenses and concluded that he had a history of criminal activity. Secondly, the trial court found Haskett's drinking problems could best be dealt with through the Department of Correction since other rehabilitative organizations had failed in five previous attempts. Finally, the trial court indicated that a lesser sentence would depreciate the seriousness of the crime in this case.

I.C. 35–50–1A–3 provides that if the trial court finds aggravating or mitigating circumstances in a felony case, it must give a statement of the reasons for selecting the sentence that it imposes. Furthermore, it has been held that the same aggravating criteria may justify an enhanced sentence, as well as, the determination that the sentences be served consecutively. *Bish v. State*, (1981) Ind., 421 N.E.2d 608. In the instant case, there is no confusion as to the reason Haskett received both aggravated and consecutive sentences since the trial court noted its reasons immediately after the term of imprisonment was announced.

▮ Finally, Haskett claims that the trial court meted out the maximum sentence because he has successfully eluded being adjudged an habitual offender and had additional serious charges dismissed prior to trial. Such reasoning is improper and could be grounds for reversing the enhanced sentence and imposing the presumptive sentence.[1]

▮ As noted previously, the trial court found that Haskett had a long history of criminal activity, as well as, an alcohol problem which had defied previous attempts at rehabilitation. These factors adequately justified the sentence the court chose to impose. We find no error in this regard and affirm the trial court's sentence of two consecutive eight-year terms for the crimes of robbery and attempted robbery.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.

---

**1.** *See, Gambill v. State,* (1982) Ind., 436 N.E.2d 301, where it was clear that the trial court gave an enhanced sentence for a conviction of voluntary manslaughter only to compensate for what the court believed to be an erroneous verdict. Our supreme court reversed the enhanced sentence and imposed a sentence for the presumptive period.