Charles D. DUKES, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1085S401.

Supreme Court of Indiana.

Dec. 16, 1986.

sentenced to concurrent terms of thirty (30) years and ten (10) years respectively. On direct appeal, the following issues are raised:

1. whether there was sufficient evidence to support the conviction for attempted rape;

2. whether the court erred in instructing the jury to continue deliberations;

3. whether identification evidence so prejudiced Appellant as to require reversal; and

4. whether the State failed to disclose exculpatory evidence so as to deny Appellant a fair trial.

M.C. was on her first day of work as a rental consultant at an apartment complex. Appellant came in and asked to see a one-bedroom apartment. M.C. showed Appellant an apartment, and thought he acted nervous and suspicious the entire time. At the end of the showing, Appellant wrapped his arm over her mouth from behind and held a gun to her head. He forced her into the bedroom, unfastened her bra, and fondled her breasts. M.C. protested that she was pregnant, but Appellant told her to shut up, forced her into the bathroom, unfastened and took off her slacks, pulled her sweater over head so that she could not see, and tied her hands together and to the closet door. M.C. testified she then heard the gun hammer cock, and believed she was going to be shot. Appellant fled and M.C. escaped.

I

Appellant argues the above-stated facts are insufficient to sustain the conviction for attempted rape because they do not prove beyond a reasonable doubt that Appellant took a substantial step toward committing rape. He argues instead that the defense of abandonment should be applied.

Whether or not Appellant's actions constituted a substantial step toward the crime of rape is a question of fact for the jury. *Himes v. State* (1980), 273 Ind. 416, 424, 403 N.E.2d 1377, 1381. We will not reweigh the evidence or judge the cred-

Frank E. Spencer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Charles D. Dukes was convicted at the conclusion of a jury trial in the Clark Circuit Court of attempted rape, a class A felony; and criminal confinement, a class B felony. He was

ibility of the witnesses; rather we look to the evidence most favorable to the State and all reasonable inferences therefrom. If there is a substantial body of probative evidence to support the verdict, it will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The fact that Appellant held a gun to the victim's head, undressed her, fondled her, covered her eyes, and tied her hands together and to a door, clearly supports the jury's finding that he took a substantial step toward the crime of rape. *See Himes*, 273 Ind. at 424, 403 N.E.2d at 1381. That Appellant fled prior to actually committing the rape does not avail him of the defense of abandonment for the crime of attempted rape.

## II

Appellant maintains the trial court erred in instructing the jury to continue deliberations. After deliberating for 5½ hours, the jury sent a note to the court saying, "We are hung up at 8 to 4, what do we do now?" The trial court explained to the parties that due to the large amount of evidence presented during the trial, 5½ hours was not an unreasonably long time to deliberate. He therefore sent a note back stating, "Continue deliberating."

■ Although Appellant claims this procedure denied him a fair trial, he fails to support this allegation in any manner whatsoever, other than to speculate that it caused the jury to reach a compromise verdict. *Moore v. State* (1985), Ind., 485 N.E.2d 62, 65–66. Regardless, the length of time a jury should be permitted to deliberate is within the sound discretion of the trial court. *Fox v. State* (1984), Ind., 457 N.E.2d 1088, 1091. The direction to the jury did not take the form of an *Allen* charge, wherein a trial judge unduly emphasizes certain evidence. *Lewis v. State* (1981), Ind., 424 N.E.2d 107, 111–112, *reh. denied* (1981). *See also Allen v. United States* (1896), 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528; *Cameron v. State* (1979), 270 Ind. 185, 383 N.E.2d 1039; and *Brannum v. State* (1977), 267 Ind. 51, 366 N.E.2d 1180, *reh. denied* (1977). Rather the direction was merely a statement to continue deliberating, which the jury did. Subsequently, they requested and had read to them all of the final instructions. In light of the length of this trial and the amount of evidence produced, we cannot say the trial court abused its discretion by encouraging the jury to deliberate further. There is no showing that prejudice resulted to Appellant.

## III

■ Appellant contends both verdicts are contrary to law and are not supported by sufficient evidence in that the in-court identification of Appellant was tainted by an improper pre-trial identification. This issue is waived due to a totally inadequate record for review. *Northern v. State* (1986), Ind., 489 N.E.2d 520, 522. Appellant mentions improper pre-trial identification procedures in his brief, but makes no reference in support to the record. A search of the record fails to reveal any of the photographic or video materials used in the lineups which Appellant now argues were improper. There is one snapshot of Appellant in the record, taken at the time of his arrest, but it is unclear how this photograph fits into Appellant's argument. Such a presentation precludes our making any review of the pre-trial identification. Appellant's argument actually attacks the credibility of the identification evidence, and not its admissibility. Nonetheless, the facts of the present case reveal that the victim had an ample independent basis upon which to make the in-court identification. She spoke face to face with Appellant in the rental office; she was very close (two feet) to him throughout the showing of the apartment, always attempting to make eye contact; and she was at close quarters with him during the attack. We find no error with the in-court identification.

## IV

■ Appellant's final allegation of error is that the State failed to disclose exculpatory evidence in the fact of a discovery

order, so as to deny him a fair trial. The trial court entered a general discovery order, requiring the State to disclose, *inter alia*, "any evidence which tends to negate the guilt of the accused or which is exculpatory in nature." The State made three responses, none of which mentioned Suzanne Bush. At trial, the victim testified that she had been waiting on Bush in her office when Appellant came in. She further testified that she had given Bush's name to the police and that she thought the police had contacted Bush. Officer Richard Miley testified he had interviewed Bush and had shown her the same photographic array shown to the victim. He further testified Bush was "unable to identify anyone," and that no written report was ever made of the interview. Bush was not called as a witness. After trial, Appellant's trial counsel filed an affidavit stating: (1) he interviewed Bush subsequent to trial; (2) Bush advised him that she told the police that the man who appeared in the office was well-groomed, under thirty years old, and had a "professional bearing"; and (3) Bush viewed a photograph of Appellant and excluded him as the person who attacked M.C.

Initially, we note that the affidavit filed was of Appellant's attorney, relating, second-hand, what Bush allegedly had told him. Bush, herself, made no affidavit. Furthermore, when Bush's name first surfaced, Appellant made neither a motion for continuance, nor an objection. The same is true when Officer Miley testified concerning his interview of Bush. We addressed this identical issue in *Murray v. State* (1982), Ind., 442 N.E.2d 1012, 1016–1017, where we held the issue waived because continuance and exclusion are the sole, proper remedies. Where the discovery order is phrased in general terms, as here, the prosecutor's duty to disclose is measured by whether the evidence in his possession is so "obviously exculpatory" that failure to turn it over denied Appellant a fair trial. While Appellant's view after trial may make the evidence appear to be exculpatory, at the time Officer Miley interviewed Bush, she was simply a witness who was "unable to identify anyone." Appellant has failed to show a purposeful or deliberate refusal by the State to come forward with discoverable evidence.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER and SHEPARD, JJ., concur.

DICKSON, J., dissents without opinion.