**Beulah HOUSTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–8801–CR–26.**

Court of Appeals of Indiana, Third District.

Sept. 26, 1988.

Nathaniel Ruff, Appellant Public Defender's Office, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Beulah Houston was tried by a jury in the Lake Superior Court and found guilty of attempted credit card fraud, a class D felony.[1] She was sentenced to three years imprisonment.[2] The sole issue raised for our consideration is whether there was sufficient evidence to convict Houston of attempted credit card fraud.

We affirm.

Viewed most favorably to the verdict, the evidence shows that on June 28, 1985 Beulah Houston and a male companion entered a Venture store located in Griffith, Indiana. They indicated to Sharon Ferrell, manager of the jewelry department, that they wished to purchase a man's watch. After making a selection, Houston told Ferrell that she was going to put the watch on her charge card and thereupon handed Ferrell a MasterCard bearing the name of Mary G. Smith. Ferrell placed the card in a "printer" in an attempt to complete the transaction, but was notified by code on the machine to obtain authorization of the card from the issuing bank.

Upon contacting the bank, Ferrell was told to hold the card. After further discussion with bank personnel, Ferrell called store security, who took possession of the card and refused to return it to Houston. Houston and her companion then left the store.

Mary G. Smith testified at trial that the confiscated credit card belonged to her, and that it had been in her purse when the purse was stolen in June of 1985. Smith further stated that she did not know Houston and did not give her permission to use the card.

Houston contends on appeal that there was insufficient evidence to prove that she represented herself to be the authorized holder of the credit card, a required element of credit card fraud.[3] When confronted with the issue of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Only the evidence most favorable to the State and all reasonable inferences drawn therefrom are considered. The verdict will be affirmed where a substantial body of evidence exists from which the trier of fact could find guilt beyond a reasonable doubt. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102. We think the evidence in this case provides ample support for the verdict.

▇▇▇ Where the crime of attempt is charged, the State is required to prove two elements: that the defendant possessed specific intent to commit a particular substantive crime and that the defendant took a substantial step toward its commission. IC 35–41–5–1; *Tata v. State* (1986), Ind., 486 N.E.2d 1025, 1027. Whether a substantial step toward the commission of a crime has occurred is a question for the trier of fact to determine upon consideration of the circumstances of the case. *Dukes v. State* (1986), Ind., 501 N.E.2d 420, 421, *reh. denied.* Conduct which goes beyond mere preparation is sufficient to constitute a substantial step toward the commission of a crime. *Haskett v. State* (1984), Ind.App., 467 N.E.2d 32, 35, *trans. denied.*

1. West's AIC 35–43–5–4(1); West's AIC 35–41–5–1.

2. West's AIC 35–50–2–7. An attempt to commit a crime is of the same class of the substantive crime charged. IC 35–41–5–1.

3. IC 35–43–5–4 defines credit card fraud, in pertinent part, as follows:
A person who:
(1) With intent to defraud, obtains property by (i) using a credit card, knowing that the credit card was unlawfully obtained or retained, (ii) using a credit card, knowing that the credit card is forged, revoked, or expired, (iii) using, without consent, a credit card that was issued to another person, (iv) representing, without the consent of the credit card holder, that he is the authorized holder of the credit card, or (v) representing that he is the authorized holder of a credit card when the card has not in fact been issued;
    *    *    *    *    *
commits fraud, a class D felony.

In the instant case, the jury was in part instructed as follows:

To convict the defendant, the State must have proved the following elements:

The defendant:

1. with intent to defraud

2. took a substantial step to accomplish

3. the obtaining of property of Venture Stores, Inc.

4. by representing she was the authorized holder of the credit card

5. without the consent of the credit card holder, Mary G. Smith.

(R. 41.)

Houston argues that the instructions given by the trial court created a separate element of representation that the defendant was the authorized holder of the credit card above and apart from the element of use of the credit card without the true holder's authorization, and that there was insufficient evidence presented by the State for the jury to determine beyond a reasonable doubt that Houston misrepresented herself in the manner instructed. In distinguishing her case from that of *Darnell v. State* (1972), 257 Ind. 613, 277 N.E.2d 366, Houston points out that the Supreme Court of Indiana found sufficient evidence to convict Darnell of credit card fraud where Darnell had both presented a card for payment and forged the name of the true owner. Houston argues that she did not sign a charge slip, and that how she may have signed had she not been foreclosed from proceeding was merely speculative. In effect, Houston appears to contend that *Darnell* stands for the proposition that the State was required to prove that an act of forgery occurred in order to provide the jury with sufficient evidence of misrepresentation to convict her of attempted credit card fraud. We are unpersuaded by her argument.

■ In *Darnell*, the defendant was convicted of actual forgery under a former statute which combined the current separate offenses of credit card fraud and for-

gery.[4] In the present case, Houston was convicted of *attempted* credit card fraud. There is nothing in the current credit card fraud statute which requires the State to prove forgery as well as fraud in order to sustain its burden of proof. Certainly, where attempted credit card fraud is alleged, and the State need only prove that a substantial step toward the commission of the crime occurred, along with the requisite intent, the non-occurrence of an act of forgery is not dispositive of the sufficiency issue.

■ The evidence in this case concerning the element of misrepresentation shows that, when asked how she intended to make payment for her selection, Houston told the salesperson that she was going to "put it on [her] charge." (R. 82.) Houston then handed the credit card belong to Mary G. Smith to the salesperson. From these facts, the jury could reasonably have determined that Houston had made a substantial step toward the commission of credit card fraud, and would have completed the crime but for the unexpected interference of store personnel. *See Washington v. State* (1987), Ind., 517 N.E.2d 77, 79 ("Where there have been overt acts preparatory to commission of an offense coupled with specific intent, which may be inferred from certain acts, and it may be reasonably inferred that crime would have been committed but for some form of involuntary frustration, these acts may be deemed an attempt.")

Accordingly, the trial court is affirmed.

HOFFMAN and ROBERTSON, JJ., concur.

---

**4.** *See Darnell, supra* at 366.