# In re Basil Uzoma ONYIDO, Respondent

## File A29 891 590 - El Paso

*Decided March 4, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who was convicted of submitting a false claim with intent to defraud arising from an unsuccessful scheme to obtain $15,000 from an insurance company was convicted of an "attempt" to commit a fraud in which the loss to the victim exceeded $10,000 within the meaning of section 101(a)(43)(U) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(U) (Supp. II 1996), and therefore is deportable under section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (1994), as an alien convicted of an aggravated felony.

Pro se

Robert S. Hough, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: VACCA, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, MATHON, JONES, GRANT, and SCIALABBA, Board Members. Dissenting Opinion: HEILMAN, Board Member, joined by SCHMIDT, Chairman; DUNNE, Vice Chairman; ROSENBERG and GUENDELSBERGER, Board Members.

VILLAGELIU, Board Member:

In a decision dated August 8, 1997, the Immigration Judge found the respondent deportable as charged under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (1994), denied his motion to terminate proceedings, and ordered that he be deported to Nigeria. The respondent has appealed. The appeal will be dismissed. The respondent's motion to remand will be denied.[1] The request for oral argument before the Board is denied. *See* 8 C.F.R. § 3.1(e) (1998).

---

[1] On January 26, 1998, the respondent filed a motion to reopen and reconsider with the Immigration Judge. The motion was forwarded to the Board. Pursuant to 8 C.F.R. §§ 3.2(b)(1) and (c)(4) (1998), the motion will be deemed a motion to remand.

## I. SUMMARY OF FACTS

The respondent entered the United States on June 14, 1986, as a non-immigrant visitor. On January 20, 1993, the respondent's status was adjusted to that of a lawful permanent resident alien. On September 20, 1995, the respondent was convicted pursuant to his plea of guilty in the Superior Court of Hamilton County, Indiana, of the offense of submitting a false claim with intent to defraud the Indiana Farmers Mutual Insurance Company, in violation of section 35-43-5-4(10) of the Indiana Code. The offense is a Class D felony for which the respondent received the maximum penalty of 3 years' confinement.

The offense arose out of a "slip and fall" in an Indiana convenience store on February 2, 1993, after which the respondent submitted a false medical bill to the insurance company in support of his claim. The respondent initially sought $60,000 from the insurance company, but agreed to settle for $15,000. He was arrested by law enforcement officers posing as insurance company employees when he arrived at a meeting to sign a release and collect the $15,000. Following his conviction, the respondent was charged on December 27, 1996, with deportability under section 241(a)(2)(A)(iii) of the Act, as an aggravated felon. The Order To Show Cause and Notice of Hearing (Form I-221) specifies that the respondent was convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (1994 & Supp. II 1996), "to wit: an offense that involves fraud or deceit in which the loss or potential loss to the victim or victims exceeds $10,000." At the deportation hearing, the Immigration Judge concluded that the respondent was deportable as an aggravated felon under sections 101(a)(43)(M)(i) and (U) of the Act.

## II. ISSUES

On appeal, the respondent contends that his conviction is not for an aggravated felony, as defined under either section 101(a)(43)(M)(i) or (U) of the Act because the insurance company did not suffer a loss in excess of $10,000. He also contends that his conviction is not final because an appeal is pending.

## III. ANALYSIS

Section 101(a)(43)(M)(i) of the Act provides that the term "aggravated felony" includes an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Section 101(a)(43)(U) of the Act provides that the term "aggravated felony" also includes "an attempt or con-

spiracy to commit an offense described in [section 101(a)(43)].”

We agree with the Immigration Judge that the respondent is deportable as an aggravated felon because he was convicted of an offense involving an attempt to defraud $15,000 from the insurance company.[2] We find that under the Indiana statute in question an attempt to defraud is included within the offense of which the respondent was convicted. The statute under which the respondent was convicted provides that “a person who knowingly and with intent to defraud, makes, utters, presents, or causes to be presented to an insurer, a claim statement that contains false, incomplete, or misleading information concerning the claim . . . commits fraud, a Class D Felony.” Ind. Code Ann. § 35-43-5-4(10) (West 1995) (*see* Appendix A). The Indiana statute does not require proof that the insurer incurred a loss. It encompasses both successful frauds and unsuccessful attempts to defraud an insurance company.

Where a criminal charge of attempted fraud is alleged under Indiana law, the State need only prove that a substantial step toward the commission of the fraud occurred, along with the requisite intent to defraud. *Houston v. State*, 528 N.E.2d 818 (Ind. Ct. App. 1988). The record of conviction reflects that the respondent had initiated the paperwork necessary to complete the fraud and was arrested after he arrived at a meeting to collect the $15,000. Like the defendant in *Houston v. State, supra*, the respondent in this case had not completed the transaction required to obtain the proceeds of his crime when he was arrested while trying to flee from the undercover police officers. The Indiana court in *Houston v. State, supra*, ruled that the substantial step of presenting a stolen credit card belonging to someone else for payment of a watch was a sufficient substantial step to support a conviction for attempted fraud even though the defendant did not actually sign the credit card charge slip or receive the watch when the store security officer took possession of the credit card as stolen.

We disagree with the respondent’s contention that section 101(a)(43)(U) of the Act requires that the victim suffer an actual loss which exceeds $10,000. By its very nature, an attempt involves an unsuccessful effort to commit a crime. Wayne R. LaFave et al., *Criminal Law* § 6.2 (2d ed. 1986). Here, the offense for which the respondent was convicted involved an attempt to obtain $15,000 from the insurance company through fraud and deceit. The respondent’s actions support a conviction for attempted fraud which is a lesser included offense within a conviction for fraud under Indiana law. *Houston v. State, supra*. The fact that the respondent failed to obtain the money is of no consequence under section 101(a)(43)(U) of the Act, which prescribes deportability as an aggravated

---

[2]We note that the Immigration Judge incorrectly identified the amount of the respondent’s Nigerian medical bill in dollars, rather than Nigerian Naira.

felon for aliens convicted of an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act. In view of this conclusion we need not address at this time the Immigration Judge's additional finding that the respondent is also deportable as an aggravated felon under section 101(a)(43)(M)(i), as an alien convicted of a fraud or deceit in which the loss to the victim exceeds $10,000.

With regard to the respondent's contention that his conviction is not final, we agree with the Immigration Judge that the conviction is final. The respondent was convicted upon his plea of guilty on September 20, 1995, and has no right of direct appeal from his guilty plea under Indiana law. *Tumulty v. State*, 666 N.E.2d 394 (Ind. 1996); *Weyls v. State*, 362 N.E.2d 481 (Ind. 1977). Instead, he may only seek relief under Indiana Post-Conviction Rule PC 1. On December 6, 1996, the respondent submitted a late appeal from his conviction, along with other motions, claiming that the trial court lacked jurisdiction, and thus, his conviction was not yet final. However, we note that on January 17, 1997, the clerk's office for Hamilton County, Indiana, referred to all these filings as part of the respondent's April 15, 1996, Petition for Post-Conviction Relief. The deadline for appealing criminal convictions in Indiana is 30 days, and upon expiration of the filing period, a defendant waives his right for direct appeal under Indiana Criminal Rule 11. *Clark v. State*, 506 N.E. 2d 810 (Ind. 1987).

The availability of post-conviction motions or other forms of collateral attack does not affect the finality of a criminal conviction for immigration purposes, unless and until the conviction has been overturned pursuant to such a motion. *Okabe v. INS*, 671 F.2d 863 (5th Cir. 1982). We therefore conclude that the respondent's conviction is final, regardless of any impact that new section 101(a)(48) may have on the notion of "finality" as it evolved before enactment of a definition of "conviction." *See Matter of Chairez*, 21 I&N Dec. 44 (BIA 1995); *Matter of Polanco*, 20 I&N Dec. 894 (BIA 1994).

Finally, in the respondent's motion, he raises the issue of ineffective assistance of counsel. However, he has failed to comply with the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). We also find the respondent's constitutional arguments to be without merit. *See Matter of Fuentes-Campos*, 21 I&N Dec. 905 (BIA 1997). Accordingly, the motion will be denied.

## IV. CONCLUSION

Upon consideration, therefore, we find no error in the Immigration Judge's determination that the respondent is deportable on account of his conviction for an aggravated felony. Furthermore, the respondent has not complied with the requirements for showing that he was denied the effec-

tive assistance of counsel. Accordingly, the appeal will be dismissed and the motion denied.

**ORDER:** The appeal is dismissed.
**FURTHER ORDER:** The motion is denied.

Board Member Anthony C. Moscato did not participate in the decision in this case.

*DISSENTING OPINION:* Michael J. Heilman, Board Member, in which Paul W. Schmidt, Chairman; Mary Maguire Dunne, Vice Chairman; John W. Guendelsberger and Lory D. Rosenberg, Board Members, joined

I respectfully dissent.

In its decision, the majority finds that the respondent's conviction for a completed fraud under Indiana law is an "attempt" falling within the parameters of section 101(a)(43)(U) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(U) (Supp. II 1996). The respondent was entitled to notice of that charge of deportability so that he could defend against it. However, he did not receive notice of the charge upon which the majority has found him deportable. Moreover, the respondent's conviction under Indiana law was for a completed fraud—not an "attempt" as set forth under section 101(a)(43)(U) of the Act. Accordingly, I would sustain the respondent's appeal.

The respondent was not charged with deportability under section 101(a)(43)(U) of the Act. He was charged in the Order To Show Cause and Notice of Hearing (Form I-221) ("OSC") as follows:

> Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, to wit: an offense that involves fraud or deceit in which the loss or potential loss to the victim or victims exceeds $10,000.

The plain wording of the OSC does not describe a conviction for "attempt" or make reference to section 101(a)(43)(U) of the Act. Instead, the wording is similar to the language set forth in section 101(a)(43)(M)(i), which provides that the term "aggravated felony" includes any offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Given the plain wording of the OSC and its similarity to the language set forth in section 101(a)(43)(M)(i), the respondent filed a motion to terminate the deportation proceedings, in part on the basis that the victim of his fraud had not suffered any monetary loss, much less a financial loss in an amount exceeding $10,000. His motion clearly demonstrates that he was not given adequate notice of the precise charge of deportability against him. The Immigration Judge also recognized that the language in the OSC raised an issue with regard to the adequacy of the notice to the respondent of the

precise charge of deportability set forth in the OSC. However, in her written order on the motion to terminate, the Immigration Judge concluded that the use of the term "potential" in the OSC charge was sufficient to give the respondent notice of the "specific charge of deportability." The Immigration Judge cites no legal precedent for her conclusion. I cannot agree that insertion of the word "potential" in the OSC charge gives the respondent notice that he has been charged with an attempt under section 101(a)(43)(U) of the Act.

An alien is entitled to notice of the nature of the charge against him. *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596-98 (1953). The OSC neglects to state that the charge upon which the respondent is deportable is an attempt under section 101(a)(43)(U) of the Act. In this respect, the OSC fails to satisfy the requirement that the OSC inform the respondent of the "designation of the charge against the respondent and the statutory provisions alleged to have been violated." *See* 8 C.F.R. § 242.1(b) (1997). Therefore, I conclude that the respondent in this case was not given adequate notice of the charge of deportability against him. *See Matter of Siffre,* 14 I&N Dec. 444 (BIA 1973) (stating that an alien is entitled to know the correct ground upon which his deportation is being sought); *see also Matter of Liburd*, 15 I&N Dec. 769 (BIA 1976) (same). Accordingly, I would sustain the appeal.

I also disagree with the majority's conclusion that the offense of which the respondent was convicted is an "attempt" falling within the parameters of section 101(a)(43)(U) of the Act. The inclusion of subparagraph (U) in section 101(a)(43), which lists offenses that are deemed to constitute aggravated felonies, must be read in conjunction with section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (1994), which plainly requires a conviction for any designated offense relied upon to establish deportability. Thus, to come within the statutory language regarding an attempt or conspiracy to commit an offense described in this paragraph, a respondent must have been convicted of either attempt or conspiracy, and the attempt or conspiracy of which a respondent was convicted must be for an offense included under the other subsections of section 101(a)(43) of the Act. Under section 35-43-5-4(10) of the Indiana Code, the offense of fraud against an insurer is complete when an individual knowingly presents a claim containing false information to the insurer. The statute does not require proof that the insurer suffer a loss in order to obtain a conviction. The respondent's contention on appeal that he is not deportable as charged for an aggravated felony based on section 101(a)(43)(M)(i) of the Act is correct. The record of conviction reflects that no loss was suffered in connection with the offense of which the respondent was convicted.

The majority, however, now takes the respondent's conviction for a completed fraud under the Indiana statute and concludes that "[t]he respondent's actions support a conviction for attempted fraud which is a lesser

included offense within a conviction for fraud under Indiana law." *Matter of Onyido*, 22 I&N Dec. 3379, at 4 (BIA 1999). That may well be true, but it is completely irrelevant. The respondent was convicted of the completed fraud—not an attempted fraud. It is not for us to look behind the conviction, review the facts underlying the conviction, and conclude that the respondent might have been convicted of some other lesser included offense, such as an attempt or a conspiracy to commit the substantive offense underlying the attempt or conspiracy. We have always found that the crimes of attempt and conspiracy, as used in the Immigration and Nationality Act, referred only to convictions for attempt and conspiracy—not to crimes of which the respondent *might* have been convicted. *See, e.g., Matter of Davis*, 20 I&N Dec. 536 (BIA 1992) (conviction for conspiracy to distribute a controlled substance); *Matter of J-,* 4 I&N Dec. 512 (BIA 1951) (conviction for attempt to escape); *Matter of V-*, 4 I&N Dec. 100 (BIA 1950) (conviction for attempted bribery).

The majority appears to recognize that the respondent was not convicted of an "attempt" and seeks to sweep that critical fact away by finding that "under the Indiana statute in question an attempt to defraud is included within the offense of which the respondent was convicted." *Matter of Onyido, supra*, at 3. That is simply incorrect. Section 35-41-5-1 of the Indiana Code is the general attempt statute in Indiana. Section 35-43-5-4(10) of the Indiana Code, the fraud statute under which the respondent was convicted, does not include any lesser offense of attempted fraud. Indeed, the very case upon which the majority relies so heavily, *Houston v. State*, 528 N.E.2d 818 (Ind. Ct. App. 1988), is a case involving a conviction under section 35-41-5-1 of the Indiana Code, the general attempt statute, for the offense of attempted credit card fraud. The defendant in *Houston* was not convicted of the completed offense of fraud, as was the respondent in the instant case. Thus, the case upon which the majority so heavily relies establishes the very point that is so crucial in this case—that the respondent was not convicted of an "attempt."

## APPENDIX A

Indiana Statute

35-43-5-4 Fraud

Sec. 4. A person who:

(1) with intent to defraud, obtains property by:

(A) using a credit card, knowing that the credit card was unlawfully obtained or retained;

      (B) using a credit card, knowing that the credit card is forged, revoked, or expired;

      (C) using, without consent, a credit card that was issued to another person;

      (D) representing, without the consent of the credit card holder, that the person is the authorized holder of the credit card;  or

      (E) representing that the person is the authorized holder of a credit card when the card has not in fact been issued;

    (2) being authorized by an issuer to furnish property upon presentation of a credit card, fails to furnish the property and, with intent to defraud the issuer or the credit card holder, represents in writing to the issuer that the person has furnished the property;

    (3) being authorized by an issuer to furnish property upon presentation of a credit card, furnishes, with intent to defraud the issuer or the credit card holder, property upon presentation of a credit card, knowing that the credit card was unlawfully obtained or retained or that the credit card is forged, revoked, or expired;

    (4) not being the issuer, knowingly or intentionally sells a credit card;

    (5) not being the issuer, receives a credit card, knowing that the credit card was unlawfully obtained or retained or that the credit card is forged, revoked, or expired;

    (6) with intent to defraud, receives a credit card as security for debt;

    (7) receives property, knowing that the property was obtained in violation of subdivision (1) of this section;

    (8) with intent to defraud the person's creditor or purchaser, conceals, encumbers, or transfers property;

    (9) with intent to defraud, damages property;

    (10) knowingly and with intent to defraud, makes, utters, presents, or causes to be presented to an insurer, a claim statement that contains false, incomplete, or misleading information concerning the claim;  or

    (11) knowingly or intentionally:

      (A) sells;

      (B) rents;

      (C) transports;  or

      (D) possesses;

a recording for commercial gain or personal financial gain that does not conspicuously display the true name and address of the manufacturer of the recording;

commits fraud, a Class D felony.