**Lionel D. ROBINSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 45A04–0201–CR–23.**

Court of Appeals of Indiana.

Dec. 30, 2002.

Mark A. Bates, Appellate Public Defender, Crown Point, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorney for Appellant.

### OPINION

SULLIVAN, Judge.

Appellant, Lionel Robinson, challenges his two convictions for Fraud,[1] both as Class D felonies. Upon appeal, Robinson presents one issue for our review, whether there was sufficient evidence to support his convictions.

We affirm.

The facts most favorable to the jury's verdict reveal that on November 9, 2000, Robinson went to Delta Auto Restyling ("Delta") to have a car alarm installed and to have the windows tinted on a Ford Taurus. When Robinson returned to Delta to pick up his car, he presented Drago Bajic, the owner of Delta, a credit card to pay for the items and labor. Bajic swiped the credit card through the credit card terminal, but the magnetic strip would not read. Robinson took the credit card from Bajic and then read a credit card number while Bajic manually punched it into the terminal. This time the credit card number was accepted and $280.00 was charged to the credit card account. Bajic handed Robinson the credit card sales receipt and watched as Robinson signed it.

On November 11, 2000, Robinson returned to Delta to have a sun roof installed on the same vehicle. This time Robinson presented Bajic with a Visa credit card to pay for the installation of the sun roof. Bajic swiped the credit card three times and each time it came back as unreadable. Again, Robinson took the credit card from Bajic and then read a number while Bajic manually punched it into the terminal. The card number was accepted and $550.00 was charged to the credit card account. Bajic testified that he watched as Robinson signed the credit card sales receipt.

Three to four weeks later, Bajic discovered that the Visa credit card which Robinson had used to make the November 11 purchase was invalid. After the issuer of the Visa credit card refused to honor the charge and subsequently recovered the amount of the charge from Bajic, Bajic

---

1. Ind.Code § 35–43–5–4(1)(c) (Burns Code Ed. Supp.2002).

filed a complaint with the Merrillville Police Department. Merrillville Police Detective John Westmoreland was assigned to investigate Bajic's complaint. Upon further investigation it was discovered that the Visa credit card account number which Robinson had used to pay Delta for the installation of the sun roof on November 11 was an account number issued to Thomas and Thelma Hanna of North Carolina. Mr. Hanna identified his credit card number from Delta's portion of the sales receipt and testified that he did not know Robinson and that he had not given him permission to use his credit card number to make the purchase at Delta on November 11. Mr. Hanna also filed an affidavit of fraud claim with the credit card company that issued the card in question and identified the November 11 charge from Delta as an unauthorized purchase.

It was also determined that the credit card account number which Robinson had used to make the November 9 purchase was a Discover credit card account number which had been issued to Suzanne Stone of Missouri. Ms. Stone testified that she did not know Robinson and that she had not given him permission to use her credit card number to make the purchase at Delta on November 9.

An amended information filed on September 28, 2001, charged Robinson with two counts of fraud as Class D felonies. Specifically, the charging information alleged as to Count I that Robinson "did with intent to defraud, obtain an auto alarm and window tint and related labor by using a credit card issued to another person, Suzanne Stone, and that it was used without the consent of Suzanne Stone...." Appendix at 20. As to Count II, it was alleged that Robinson "did with intent to defraud, obtain a sun roof and related labor by using a credit card issued to another person(s), Thomas and Thelma

Hanna, and that it was used without the consent of Thomas and Thelma Hanna...." *Id.* A jury trial was held on October 15 and 16, 2001. Following the State's presentation of evidence, Robinson moved for a directed verdict asserting that there was insufficient evidence to establish that he used the actual, physical credit cards issued to Ms. Stone and Mr. Hanna to make the November 9 and November 11 purchases at Delta. After considering arguments of counsel, the trial court denied Robinson's motion. At the conclusion of all of the evidence, the jury found Robinson guilty on both counts of fraud.

 Upon appeal, Robinson contends that there was insufficient evidence to convict him of the crime of fraud as charged in the amended information. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Houston v. State,* 528 N.E.2d 818, 819 (Ind.Ct.App.1988). Where there is substantial evidence from which the trier of fact could find guilt beyond a reasonable doubt, we will affirm the conviction. *Id.*

 Robinson asserts that the evidence presented at trial did not establish that he had in his possession or that he had used the physical credit cards which had been issued to Suzanne Stone and Thomas or Thelma Hanna to pay for the products supplied and services rendered by Delta. Robinson directs our attention to the fact that Mr. Hanna and Ms. Stone testified that their credit cards were in their possession at the time of the respective transactions. Essentially, Robinson's argument is that the use of credit card numbers does not constitute use of a credit card. We are unpersuaded by his argument.

Indiana Code § 35–43–5–4 (Burns Code Ed. Supp.2002) provides in pertinent part: "A person who ... with intent to defraud, obtains property by ... *using,* without

consent, *a credit card* that was issued to another person ... commits fraud, a Class D felony." (emphasis supplied). "Credit card" is defined as "an instrument or device (whether known as a credit card or charge plate, or by any other name) issued by an issuer for use by or on behalf of the credit card holder in obtaining property." Ind.Code § 35–43–5–1(d) (Burns Code Ed. Supp.2002).

In this case, the "device" in question is the credit card number. Common sense dictates that the credit card number is, in essence, the credit card. The physical credit card is the embodiment of the credit card number and serves simply as a means of presentation of the credit card account number. Indeed, the physical credit card is worthless without a valid credit card number. Further, we note that one can be said to "use" a credit card without having physical possession of the physical credit card. This is evident in the transactions that occur daily over the telephone and on the internet where the presentation of the credit card number, not the physical credit card, authorizes use of the credit card. We reject any argument that presenting a credit card number in these circumstances does not constitute "use" of the credit card. While our General Assembly could have more precisely drafted the statute defining the crime at issue, such does not alter our interpretation that the credit card number and the credit card are one and the same for purposes of the statute defining the crime of fraud. *See, e.g.,* Va. Code Ann. § 18.2–195 (West 2002) (defining crime of credit card fraud as use of a credit card *or* credit card number).

The judgment is affirmed.

BAILEY and MATHIAS, JJ., concur.