[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

No. 09-13722
Non-Argument Calendar

_____

Agency No. A075-932-717

ADEKOYEJO ADEOYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 23, 2010)

Before EDMONDSON, BLACK, and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Adekoyejo Adeoye, a native and citizen of the United Kingdom proceeding pro se, petitions for review of the final order by the Board of Immigration Appeals ("BIA") concluding that Petitioner was removable for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and that he was ineligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). No reversible error has been shown; we deny the petition.

Petitioner, who had lawful permanent resident status, was convicted of conspiracy to commit bank fraud, 18 U.S.C. § 1344. According to the criminal information, Petitioner attempted to cash two improperly obtained checks, totaling $408,000; but his efforts were unsuccessful. His offense resulted in no actual monetary loss to the bank. The BIA concluded that the conviction qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(U) ("subsection (U))," as it related to 8 U.S.C. § 1101(a)(43)(M) ("subsection (M)"), because the conviction involved an attempt to deprive the victim of more than $10,000. The BIA determined that a conviction under subsection (U) required proof of only potential, and not actual, losses.

2

We first address the government's motion to dismiss the appeal, in part, for lack of jurisdiction. While we lack jurisdiction over final removal orders against aliens who are removable for committing certain criminal offenses, we do have jurisdiction over questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D). And whether a petitioner's conviction constitutes an aggravated felony -- the issue Petitioner raises in this appeal -- is a question of law that falls within our jurisdiction. Balogun v. U.S. Attorney Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). So we deny the government's motion.

On appeal, Petitioner argues that his conviction does not constitute an aggravated felony because he was convicted of substantive bank fraud (not conspiracy or attempt), which required an actual loss under subsection (M). He also contends that, even if his conviction did constitute an attempt under subsection (U), an actual loss still was required.

We review the BIA's interpretation of a statute de novo, but we defer to the BIA's interpretation "if it is reasonable and does not contradict the clear intent of Congress." Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1350 (11th Cir. 2005). The BIA's determination that an alien is removable must be supported by "clear, unequivocal, and convincing evidence that the facts alleged as grounds for

deportation are true." See Woodby v. INS, 87 S.Ct. 483, 488 (1966); 8 U.S.C. §

1229a(c)(3)(A).

Subsections (M) and (U) define the term "aggravated felony" to include:

> (M) an offense that
>     (i) involves fraud or deceit in which the loss to the
>     victim or victims exceeds $10,000; . . . [and]
> (U) an attempt or conspiracy to commit an offense described in
> this paragraph.

8 U.S.C. § 1101(a)(43)(M), (U).[1]

We conclude that the BIA committed no error in determining that

Petitioner's conviction constituted an aggravated felony. Petitioner notes correctly

that he was not convicted of conspiracy pursuant to 18 U.S.C. § 371; but his

conviction still qualified as an "attempt or conspiracy" for purposes of subsection

(U). The judgment indicated that Petitioner was adjudged guilty of conspiracy to

commit bank fraud, in violation of section 1344. The information to which he

pleaded guilty charged him with "knowingly and intentionally conspir[ing] to

execute a scheme and artifice to defraud a financial institution." And the statute of

conviction encompassed both bank fraud and "attempts to execute" bank fraud.

---

[1]Petitioner argues that it is unclear under which subsection the BIA found him removable. That the BIA concluded Petitioner's conviction qualified as an aggravated felony as defined in subsection (U), not (M), is clear from its order. But because subsection (U) encompassed "an attempt or conspiracy to commit" an offense listed in section 1101(a)(43), the BIA necessarily discussed the offense in conjunction with subsection (M), which described the underlying offense.

4

See 18 U.S.C. § 1344. Therefore, because Petitioner's crime was described as a conspiracy, and he was convicted under a statute that included attempt, the BIA reasonably concluded that the conviction constituted "an attempt or conspiracy to commit an offense" under subsection (U).

That an intended loss suffices for purposes of an attempted-fraud offense is plain from reading subsections (M) and (U) together. The phrase "attempt or conspiracy to commit" in subsection (U) modifies the entire description of the other offenses listed in that section. So, subsection (U), read in conjunction with subsection (M), refers to "an attempt or conspiracy to commit an offense" that, if successful, would "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M), (U). A contrary conclusion would mean, as in this case, that an unsuccessful attempt to commit fraud in excess of $10,000 would never constitute an aggravated felony so long as there was no actual loss. This reading would render subsection (U) meaningless when fraud is the underlying offense, violating the well-established principle of avoiding statutory interpretations that render portions of the statute meaningless. See Huff v. DeKalb County, 516 F.3d 1273, 1280 (11th Cir. 2008) (explaining that statutes should be read as a "consistent whole").[2]

---

[2]This reading of the statute also comports with the BIA's interpretation that subsection (U) requires only an intended loss. See In re: Onyido, 22 I. & N. Dec. 552, 554-55 (1999)

5

Here, the information showed that Petitioner attempted to cash checks well in excess of the requisite $10,000. And contrary to Petitioner's argument, the BIA was not barred from considering the information in determining whether the loss amount exceeded $10,000. See Nijhawan v. Holder, 129 S.Ct. 2294, 2298 (2009) (concluding that the $10,000 amount in subsection (M) refers not to a statutory element of the underlying crime of fraud or deceit, but instead, "to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion"). Where there is a guilty plea, as in this case, the BIA is not limited to considering the written plea documents and the plea colloquy in determining the amount of loss under subsection (M). Id. at 2302-03.

Because Petitioner's conviction constituted an attempt or conspiracy to commit an offense involving fraud that had an intended loss exceeding $10,000, the BIA did not err in concluding that the conviction constituted an aggravated felony under subsection (U). Petitioner's argument that he is eligible for a waiver of inadmissibility hinges on his argument that he was not convicted of an

---

(subsection (U) does not require an actual loss exceeding $10,000 because a conviction for attempt naturally "involves an unsuccessful effort to commit a crime"). And we must defer to the BIA's interpretation as long as it is reasonable and does not contradict Congress's clear intent. Jaggernauth, 432 F.3d at 1350.

aggravated felony.  Because Petitioner was convicted of an aggravated felony, he is precluded from receiving a waiver of inadmissibility.  See 8 U.S.C. § 1182(h).[3]

PETITION DENIED, MOTION DENIED.

---

[3]The BIA also determined that Petitioner was removable because his conviction constituted a crime of moral turpitude, 8 U.S.C. § 1227(a)(2)(A)(i).  On appeal, Petitioner does not contest this determination.  A conviction for a crime of moral turpitude does not automatically preclude a waiver of inadmissibility; but Petitioner's conviction for an aggravated felony does.