08-6217-ag
Pierre v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2009
(Argued: September 24, 2009          Decided: December 8, 2009)
Docket No. 08-6217-ag
---------------------------------------------------------x

FRANTZCIA PIERRE,

          Petitioner,

-- v. --

ERIC H. HOLDER, JR., U.S. Attorney General,[*]

          Respondent.

---------------------------------------------------------x

B e f o r e :  WALKER and KATZMANN, Circuit Judges, and COTE,[**]
               District Judge.

Petition for review of a decision and order of the Board of Immigration Appeals ("BIA") finding petitioner Frantzcia Pierre removable as an aggravated felon under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as defined by subsections 101(a)(43)(M) and (U) of the Act. Because Pierre was not charged, either explicitly or implicitly, with an aggravated felony as defined by subsection U, because subsection U is not a

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

[**]     The Honorable Denise L. Cote, of the United States District Court for the Southern District of New York, sitting by designation.

necessarily included offense under subsection M, and because Pierre therefore was denied her due process rights of notice and an opportunity to be heard when the BIA sua sponte found her removable on the basis of her conviction for an aggravated felony as defined by subsection U, the petition for review is GRANTED and the decision of the BIA is VACATED.

VACATED.

SARAH LOOMIS CAVE, Hughes Hubbard & Reed LLP, New York, New York, for Petitioner.

EDWARD E. WIGGERS, Attorney, Office of Immigration Litigation (John S. Hogan, Senior Litigation Counsel, on the brief), for Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

JOHN M. WALKER, JR., Circuit Judge:

Frantzcia Pierre appeals from an order of the Board of Immigration Appeals ("BIA") dated November 25, 2008, finding her removable as an aggravated felon as defined under subsections M and U of section 101(a)(43) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101(a)(43)(M), (U). This case calls upon us to determine two questions: (1) whether subsection U is a necessarily included offense to a charge of removability under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), as defined by subsection M; and (2) whether the BIA violated Pierre's due process rights when it found her

2

removable as an aggravated felon under subsection U after the Government had expressly disavowed its reliance on subsection U as a basis for finding she had been convicted of an aggravated felony.  We hold that because Pierre was not charged, either explicitly or implicitly, under subsection U, and because subsection U is not a necessarily included offense to a charge under subsection M, Pierre was denied her due process rights of notice and an opportunity to be heard when the BIA <u>sua sponte</u> found her removable as an aggravated felon as defined by subsection U.  We thus GRANT the petition for review and VACATE the decision of the BIA.

## BACKGROUND

The facts of this case are generally undisputed.  They are set forth below only insofar as they are relevant to Pierre's challenge that the BIA erred in finding her removable as an aggravated felon under section 237(a)(2)(A)(iii) of the INA, as defined by subsections M and U.

Frantzcia Pierre, a native and citizen of Haiti, is a lawful permanent resident of the United States. On December 13, 2006, she plead guilty to federal charges of bank fraud and aggravated identity theft in connection with an attempt to obtain a $500,000 mortgage.  Notably, Pierre was arrested in the bank after presenting the mortgage application and false documents to bank personnel, thereby failing to obtain any money from the bank.  On

3

December 13, 2006, the district court sentenced Pierre to a below-Guidelines prison term of 30 months.

On December 11, 2007, the Government personally served Pierre with a Notice to Appear ("NTA") for removal proceedings under section 240 of the INA, 8 U.S.C. § 1229a. The NTA alleged that on December 13, 2006, Pierre was convicted of bank fraud and aggravated identity theft, offenses that "involved a monetary loss to the victim in excess of Ten Thousand Dollars ($10,000)." The Government charged that Pierre was removable under section 237(a)(2)(A)(iii) of the INA because she was convicted of an aggravated felony as defined by section 101(a)(43)(M), "a law relating to an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." Notably, Pierre was not charged as removable on the basis of her conviction for an aggravated felony as defined by section 101(a)(43)(U) of the INA, 8 U.S.C. § 1101(a)(43)(U), "an attempt or conspiracy to commit an offense described in [subsections 101(a)(43)(A)-(T)]."[1]

---

[1] Section 101(a) of the INA, 8 U.S.C. § 1101(a), states in relevant part as follows:

(a) As used in this chapter –
    . . . .
    (43) The term "aggravated felony" means –
        (M) an offense that –
            (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
            (ii) is described in section 7201 of Title 26 (relating to tax evasion) in which the

Pierre moved to terminate the removal proceedings on the basis that the Government could not show by clear and convincing evidence that her conviction for bank fraud involved an actual loss exceeding $10,000, as required under subsection M. At Pierre's hearing, the Immigration Judge ("IJ") expressed doubt as to the adequacy of the NTA and specifically provided the Government with an opportunity to amend its NTA to include a charge under subsection U on the basis of Pierre's attempt to cause an actual loss in excess of $10,000. The Government declined to do so, taking the position that Pierre's conviction for "straight bank fraud" involving a potential loss in excess of $10,000 satisfied the requirements of subsection M. After the IJ again inquired whether the Government wanted to add a charge under subsection U because there was no actual loss to the bank, the Government again declined, stating that Pierre was "not charged under U with an attempt. She's charged under M," and that "I just don't think we need [a charge under subsection U],

revenue loss to the Government exceeds $10,000; [and]

. . . .

(U) an attempt or conspiracy to commit an offense described in this paragraph.

The term applies to an offense described in this paragraph whether in violation of Federal or State law . . . . Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph.

because . . . [t]he fact that they caught her and she wasn't successful in the fraud doesn't mean that she wasn't convicted of a fraud offense that involved over $10,000."

In an oral ruling dated July 2, 2008, the IJ found Pierre removable after determining that she had been convicted of federal bank fraud and that the Government had "met its burden of proof by clear and convincing evidence that based on the indictment[,] . . . the intended loss or potential loss was in . . . excess of $10,000." In so finding, the IJ relied on In re S-I-K-, 24 I. & N. Dec. 324 (B.I.A. 2007), which, according to the IJ, "focused on the potential loss to the victims or the actual intended loss to the victims." After finding Pierre removable as charged, the IJ denied Pierre's applications for withholding of removal under section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT").

Pierre timely appealed the IJ's decision to the BIA. On November 25, 2008, the BIA dismissed Pierre's appeal in an unpublished, non-precedential decision signed by a single board member. In response to Pierre's argument that she was not removable under subsection M because the bank sustained no actual loss, the BIA agreed with Pierre that subsection M requires actual loss. However, after invoking Federal Rule of Criminal Procedure 31(c) to conclude that subsection U applied to Pierre's

6

case as a necessarily included lesser offense of subsection M, the BIA declined to disturb the IJ's finding of removability. In support of its conclusion that Pierre was removable as an aggravated felon on the basis of her conviction for fraud involving a potential loss in excess of $10,000, the BIA relied on its decisions in S-I-K- and In re Onyido, 22 I. & N. Dec. 552 (B.I.A. 1999), the latter of which the BIA noted this circuit had deferred to in our decision in Ming Lam Sui v. INS, 250 F.3d 105, 111-12 (2d Cir. 2001).

**DISCUSSION**

**I.   Standard of Review**

Where, as here, the BIA supplements the decision of an IJ with its own reasoning, we review the decision of the IJ as supplemented by the BIA. James v. Mukasey, 522 F.3d 250, 253 (2d Cir. 2008). Although we normally lack jurisdiction to review final orders of removal under section 237(a)(2)(A)(iii) of the INA, see 8 U.S.C. § 1252(a)(2)(C), we have jurisdiction to review constitutional claims or questions of law, including whether a specific conviction constitutes an aggravated felony, which we review de novo. See 8 U.S.C. § 1252(a)(2)(D); Garcia-Padron v. Holder, 558 F.3d 196, 199 (2d Cir. 2009).

Under Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), we defer to the BIA's determination "when our jurisdiction depends on the definition of

7

a phrase used in the INA, a statute that the BIA administers, and when the intent of Congress is unclear and the agency's interpretation is reasonable." James, 522 F.3d at 253-54 (internal quotation marks omitted).  However, "'no such deference is warranted where, as in this case, the challenged BIA decision is unpublished.'" Garcia-Padron, 558 F.3d at 199 (quoting Phong Thanh Nguyen v. Chertoff, 501 F.3d 107, 111 (2d Cir. 2007)); see also Mendis v. Filip, 554 F.3d 335, 338 & n.3 (2d Cir. 2009) (noting unpublished decisions are not accorded Chevron deference and declining to decide whether they are accorded Skidmore deference or reviewed de novo because "neither the IJ's nor BIA's decision contains any analysis with persuasive power").

**II.  Subsection (U) Is Not a Necessarily Included Lesser Offense of Subsection (M)**

The first question we must answer is whether subsection U is a necessarily included offense in a charge of removability under section 237(a)(2)(A)(iii) as defined by subsection M.  We hold as a matter of first impression that the Government's charge that an alien is removable on the basis of a conviction for an aggravated felony as defined by subsection M does not necessarily include a charge of removability for an aggravated felony as defined by subsection U.

Under section 237(a)(2)(A)(iii) of the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission

8

is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Section 101(a)(43) of the INA lists twenty subsections of substantive offenses that constitute "aggravated felon[ies]" for purposes of the INA. See 8 U.S.C. §§ 1101(a)(43)(A)-(T). Subsection M of this list defines an "aggravated felony" as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Under subsection U, an "aggravated felony" also includes "an attempt or conspiracy to commit an[y] [one of the substantive] offense[s] described in [subsections 101(a)(43)(A)-(T)]." 8 U.S.C. § 1101(a)(43)(U). The parties do not dispute that the conviction at issue for purposes of Pierre's removability is her offense of bank fraud under 18 U.S.C. § 1344, an offense which the BIA correctly found "entailed an 'attempt' to obtain a mortgage for $500,000 using the identification of another person."[2]

Under 18 U.S.C. § 1344, "whoever knowingly executes, or

---

[2]    The Government's indictment charged Pierre with bank fraud in violation of 18 U.S.C. §§ 1344(2) and 2, alleging that:

> On or about September 2, 2005, in the District of Massachusetts and elsewhere, . . . Frantzcia Pierre . . . did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain money, funds, credits, assets, securities and other property owned by and under the custody and control of a federally insured financial institution, namely Flagstar Bank, by means of false or fraudulent pretenses, representations or promises, by attempting to obtain a mortgage for $500,000 using the Identifying Information of [another] person . . . .

attempts to execute, a scheme or artifice . . . to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses" is punishable for bank fraud.  However, section 1344 does not include a specific loss amount as an element of federal bank fraud.  Thus, Pierre's conviction under section 1344 does not align directly with the INA's definition of a fraud-based aggravated felony under subsections M and U, which require an actual or intended loss to the victim in excess of $10,000, respectively.  Compare 18 U.S.C. § 1344 with 8 U.S.C. §§ 1101(a)(43)(M), (U).  The Supreme Court recently addressed this issue in Nijhawan v. Holder, --- U.S. --- , 129 S. Ct. 2294 (2009), a case in which the alien was charged as removable on the basis of his conviction for an aggravated felony as defined by both subsections M and U.  Id. at 2298.  Under Nijhawan, when determining whether the monetary threshold is met for purposes of the INA, we look not to the formal elements of federal bank fraud but instead "to the specific circumstances surrounding an [alien's] commission of a fraud and deceit crime on a specific occasion."  Id. at 2302; see also Lanferman v. BIA, 576 F.3d 84, 89 n.3 (2d Cir. 2009) (per curiam) (discussing Nijhawan's applicability).  Thus, whether an alien is removable under section 237(a)(2)(A)(iii) on the basis of his or her conviction

for an aggravated felony as defined under subsection M requires a "circumstance-specific" analysis that examines whether the Government has demonstrated by clear and convincing evidence that the circumstances surrounding the specific counts of conviction involve the requisite amount of loss under the INA. Nijhawan, 129 S. Ct. at 2300, 2303.

Here, the parties agree that the circumstances surrounding Pierre's offense of bank fraud demonstrate that the bank sustained no <u>actual</u> loss for purposes of satisfying subsection M. The question then becomes whether a <u>potential</u> loss in excess of $10,000 can satisfy the requirements of subsection M, either because subsection M does not require an actual loss to the victim or because subsection U is a necessarily included lesser offense of subsection M that may serve as an independent basis for finding that an alien is an aggravated felon under the INA. As to the first of these possibilities, we have already stated that subsection M requires an actual loss to the victim or victims in excess of $10,000, see <u>Ming Lam Sui</u>, 250 F.3d at 119, a conclusion that the Government does not challenge in this case and in which the BIA seemingly agrees. <u>See</u> <u>In re Pierre</u>, A042 146 739, slip op. at 2 (B.I.A. Nov. 25, 2008) (unpublished decision); <u>In re Babaisakov</u>, 21 I. & N. Dec. 306, 316-20 (B.I.A. 2007) (stating that restitution orders, defendants' admissions of loss, and other evidence may support a finding of actual loss in

11

excess of $10,000 under subsection M); S-I-K-, 24 I. & N. Dec. at 327 n.2 (charging removability under subsections M and U and stating that "requiring proof of an actual loss . . . for attempts and conspiracies would defeat the very purpose behind [subsection U]" and that "we do not require proof of actual loss where the offense of conviction was an anticipatory offense"); Onyido, 22 I. & N. Dec. at 554 (noting that a failed attempt to obtain more than $10,000 is of no consequence under subsection U).[3]  As to the second of these possibilities, that subsection U is a necessarily included lesser offense of subsection M, there is no BIA precedent adopting such a position, and, indeed, the relevant case law supports a contrary conclusion.

For example, in S-I-K-, the Government charged the respondent alien with removability on the basis of his conviction for an aggravated felony as defined by subsections M and U.  24 I. & N. Dec. at 326.  In that case, the respondent had been convicted of conspiracy and mail fraud in connection with his making false statements relating to a health care benefit program and health insurance fraud.  Id. at 324.  In reviewing the IJ's

---

[3]    In Eke v. Mukasey, 512 F.3d 372, 380 (7th Cir. 2008), the Seventh Circuit, without citing either BIA precedent to the contrary or our decision in Ming Lam Sui, stated in dicta that subsection M might refer to both actual and intended loss.  In doing so, the panel relied on Judge Wallace's concurring opinion in Kharana v. Gonzales, 487 F.3d 1280, 1286-87 (9th Cir. 2007), which was written without the benefit of the BIA's decision in S-I-K- and was rejected by the majority, see id. at 1282 n.3.  For the reasons already stated, we remain unpersuaded that subsection M encompasses both actual and potential loss.

12

order of removal, the BIA noted that the Government had a three-fold burden in proving the respondent's removability by clear and convincing evidence under subsection U: (1) it must demonstrate that the respondent was convicted of "conspiracy" within the meaning of subsection U; (2) it must prove that the object of the conspiracy was an offense involving "fraud or deceit" within the meaning of subsection M; and (3), it must prove that the offense that was the object of the conspiracy involved an actual or potential loss to the victim in excess of $10,000.  Id. at 326. In addressing whether the Government could remove an alien solely on the basis of an attempt or a conspiracy under subsection U, the BIA stated that

> Congress's inclusion of a separate aggravated felony category for inchoate crimes of attempt and conspiracy reflects a legislative judgment that an offense described in one or more of the subparagraphs of section 101(a)(43) may be considered an aggravated felony, even if it was not consummated, where the [Department of Homeland Security] can prove that the alien was convicted of an "attempt" or "conspiracy" to commit such a crime.

Id. (emphasis added).  According to the BIA, the "proper analysis" for a charge under subsection U is thus whether the object of the conspiracy or attempt "would have fit within the particular aggravated felony category had it been successfully completed."  Id. at 327.  The alien in S-I-K-, however, had been charged under both subsections M and U.  Nothing in S-I-K- anticipates the BIA's decision in this case that an alien may be

13

removed independently for an aggravated felony as defined by subsection U on the sole basis that the Government charged the alien with a completed offense under one of the INA's twenty other categories of "aggravated felon[ies]" but failed to meet its burden under that offense alone.

In Ming Lam Sui, we implicitly addressed the interplay of section 101(a)(43)'s subsections in deciding whether an alien was removable for a fraud-based offense where he failed to cause an actual loss exceeding $10,000.  See 250 F.3d at 110.  In that case, we confronted the question of whether an alien may be removed under subsections M and U when he or she has not been convicted formally of a "conspiracy" or an "attempt," but where the facts related to the offense of conviction allow for the conclusion that the alien attempted to defraud his or her would-be victims of more than $10,000.  Id. at 111.  In resolving this question, we deferred to the BIA's determination in Onyido that subsection U "does not use the word 'attempt' to mean conviction of an offense formally denominated as an attempt, but instead means conduct that satisfies a generally accepted definition of an attempted offense."  Ming Lam Sui, 250 F.3d at 113, 115-16.  After accepting the BIA's interpretation of "attempt" in subsection U, we examined whether the alien's offense fell within that definition.  See id. at 116.  Notably, despite the alien's conviction for the substantive offense of knowingly and

14

unlawfully possessing counterfeit securities with the intent to deceive another in violation of 18 U.S.C. § 513(a), see id. at 108, we focused on whether the alien was removable under subsection U for an inchoate offense involving a potential loss in excess of $10,000, and not on whether the alien's attempt to defraud his victims of more than $10,000 somehow satisfied the requirements for a completed fraud offense under subsection M. See id. at 119. In examining whether the requirements of subsection U were met despite the alien's successful commission of a fraud-based crime, our approach coincided with the BIA's later decision in S-I-K-, which also treated subsection U as a distinct basis for a charge of removability under section 237(a)(2)(A)(iii) of the INA. See In re S-I-K-, 24 I. & N. Dec. at 326. Significantly, in both S-I-K- and Ming Lam Sui, the aliens had been charged with removability on the basis of their convictions for an aggravated felony as defined by both subsections M and U, but because their victims did not sustain the requisite amount of actual loss under subsection M, the cases proceeded under subsection U, not M.

Thus, while the BIA properly relied on S-I-K-, Onyido, and Ming Lam Sui in support of its statement that subsections M and U may be charged and applied together, see In re Pierre, A042 146 739, slip op. at 1-2, these cases lend no support to the BIA's conclusion that a charge solely under subsection M necessarily

15

includes an attempt or conspiracy to commit such an offense under subsection U. This is especially so because, as the BIA recognized in S-I-K-, subsections M and U provide separate definitions of the term "aggravated felony" under section 101(a)(43), and because the Government usually charges these subsections in combination as a basis for removal under section 237(a)(2)(A)(iii). See Nijhawan, 129 S. Ct. at 2298; S-I-K-, 24 I. & N. Dec. at 326; Ming Lam Sui, 250 F.3d at 110; Onyido, 22 I. & N. Dec. at 553; see also, e.g., In re Cianfarano, A014 794 509, 2009 WL 2981837 (B.I.A. Aug. 27, 2009) (unpublished decision) ; In re Ragbir, A44 248 862, 2007 WL 1180505 (B.I.A. Mar. 14, 2007) (same); In re Cole, A36 300 683, 2005 WL 3802284 (B.I.A. Nov. 23, 2005) (same).

We are similarly unpersuaded by the BIA's reliance on the Federal Rules of Criminal Procedure. See In re Pierre, A042 146 739, slip op. at 2 n.1. While Rule 31(c) does allow a jury to return a guilty verdict for "(1) an offense necessarily included in the offense charged; (2) an attempt to commit the offense charged; or (3) an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right," Fed. R. Crim. P. 31(c), Congress issued no comparable rule in the INA. Rather, in section 101(a)(43), Congress set forth twenty-one separate categories of offenses that provide a statutory basis for removal as an aggravated felon

16

under section 237(a)(2)(A)(iii) of the INA.  Moreover, in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), Congress specified that the alien must be given written notice of, <u>inter alia</u>, "[t]he acts or conduct alleged to be in violation of law" and "[t]he charges against the alien and the statutory provisions alleged to have been violated."  Given the statutory scheme as well as the established principle that a removal proceeding is civil, not criminal, in nature, <u>see</u> <u>INS v. Lopez-Mendoza</u>, 468 U.S. 1032, 1038 (1984), there is no basis for relying on the Federal Rules of Criminal Procedure to conclude that subsection M necessarily includes a charge under subsection U, especially where doing so would relieve the Government of its notice obligations under section 239(a)(1) of the INA.  <u>Accord</u> <u>Puello v. BCIS</u>, 511 F.3d 324, 327 (2d Cir. 2007) ("Statutory construction is a holistic endeavor. . . . In ascertaining the plain meaning of a statute, [where our analysis necessarily begins,] the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." (internal citations and quotation marks omitted)).

Because Pierre's offense did not cause an actual loss to the bank in excess of $10,000, because subsection U is not a necessarily included lesser offense of subsection M, and because a potential loss cannot satisfy the requirements of subsection M alone, we exercise our jurisdiction and vacate the BIA's finding

17

that Pierre is removable as an aggravated felon under section 237(a)(2)(A)(iii), as defined by subsection M.

**III. The BIA's Decision Violated Pierre's Due Process Rights**

We further conclude that the BIA's <u>sua sponte</u> invocation of subsection U as a basis for finding Pierre removable as an aggravated felon under section 237(a)(2)(A)(iii) of the INA violated Pierre's due process rights.

Under the Fifth Amendment of the United States Constitution, "[n]o person shall be . . . deprived of life, liberty, or property without due process of law."  U.S. Const. amend. V.  It is well-established that a lawful permanent resident is entitled to constitutional due process in removal proceedings.  <u>See</u> <u>Reno v. Flores</u>, 507 U.S. 292, 306 (1993); <u>Brown v. Ashcroft</u>, 360 F.3d 346, 350 (2d Cir. 2004).  "At the core of due process is the right to notice of the nature of the charges and a meaningful opportunity to be heard."  <u>Brown</u>, 360 F.3d at 350 (internal quotation marks omitted).

We do not hesitate in holding that Pierre sustained a due process violation under the facts of this case.  Pierre's NTA charged her as removable under section 237(a)(2)(A)(iii) solely on the basis of her conviction for an aggravated felony as defined by subsection M.  Despite Pierre's counsel's statement in front of the IJ that the Government needed to charge Pierre with more than a violation of subsection M given her failure to cause

18

any actual loss to the bank and despite the IJ's repeated queries whether the Government desired to amend its NTA to add a charge under subsection U, the Government proceeded under subsection M only. Indeed, the Government expressly disavowed any reliance on subsection U as a basis for finding Pierre removable, adding that it would not amend its NTA to include a charge under subsection U. Thus, having no notice of her removability for an aggravated felony as defined by subsection U, Pierre had no reason to defend against such a charge in front of the IJ.

Moreover, when the IJ issued his oral ruling, he found Pierre removable "as charged" on the basis of her conviction for an aggravated felony as defined by subsection M. Accordingly, when Pierre appealed the IJ's finding to the BIA, she was appealing the IJ's order of removal under subsection M and had no basis for raising a due process challenge in connection with a finding of removability under subsection U. In fact, it was not until after the BIA issued its decision that Pierre's due process challenge arose.[4]

---

[4] We reject as disingenuous the Government's argument that Pierre failed to exhaust her due process challenge in front of the BIA, and is therefore precluded from raising it on appeal. Given the Government's representations at the immigration hearing and the IJ's stated basis for finding Pierre removable, Pierre had no reason to believe at any point during the administrative proceedings that she would be found removable under section 237(a)(2)(A)(iii) for an aggravated felony as defined by subsection U. Because Pierre's due process challenge concerning her lack of notice and an opportunity to be heard did not arise until after the BIA issued its decision, this petition for review

We further hold that the BIA's sua sponte invocation of the uncharged, disavowed subsection U as a basis for finding Pierre removable under the INA prejudiced Pierre.  See Garcia-Villeda v. Mukasey, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)).  As stated earlier, Rule 31(c) provides statutory notice to a criminal defendant that on the basis of the offense charged, the defendant may be found guilty of a necessarily included offense or an attempt.  See Fed. R. Crim. P. 31(c).  No such corresponding statutory notice exists for an alien charged with removability under section 237(a)(2)(A)(iii).  The record demonstrates that Pierre's lack of any statutory notice, any actual notice, and any opportunity to be heard in connection with a charge under subsection U precluded her from making any of the arguments she now raises in response to that charge.  Accordingly, we hold that Pierre was denied her "core" due process right of notice and an opportunity to be heard, in violation of the Fifth Amendment.

In sum, we hold that Pierre was not removable as an aggravated felon as charged under subsection M, because

is her first opportunity to raise a due process challenge.  See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 118 n.16 (2d Cir. 2007) (stating that a motion to reopen removal proceedings is not required for administrative exhaustion).

20

subsection U is not a necessarily included lesser offense of subsection M, and that Pierre was deprived of due process of law when the BIA <u>sua sponte</u> invoked uncharged subsection U as a basis for finding her removable under section 237(a)(2)(A)(iii).

**CONCLUSION**

We GRANT the petition for review and VACATE the order of removal.[5]

---

[5]    As Pierre conceded at oral argument, vacating the BIA's decision does not preclude the Department of Homeland Security from charging her anew under subsections M and U.  We express no view on the desirability of such an action.  However, if the Government does charge Pierre with removability under section 237(a)(2)(A)(iii), as defined by subsections M and U, she will have notice and a full opportunity to defend against those charges.

21