Estrada v. Lynch

BIA
Vomacka, IJ
A042 362 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand fifteen.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*

——————————————————————————

**Jolly Yu Estrada,**
> *Petitioner*,

v.                                                                                    **13-4872**

**Loretta E. Lynch, United States Attorney General,**

> *Respondent.*

——————————————————————————

FOR PETITIONER:                     Jolly Yu Estrada, pro se, Jackson Heights, N.Y.

FOR RESPONDENT:                   Joyce R. Branda, Acting Assistant Attorney General; Holly M Smith, Senior Litigation Counsel; Joseph

1

D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jolly Yu Estrada, a native and citizen of the Philippines, seeks review of a November 21, 2013, decision of the BIA affirming a January 15, 2013, decision of an Immigration Judge ("IJ") denying Estrada's motion to terminate her removal proceedings. *In re Jolly Yu Estrada*, No. A042 362 035 (B.I.A. Nov. 21, 2013), *aff'g* No. A042 362 035 (Immig. Ct. N.Y.C. Jan. 15, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA agreed with the IJ's decision in this case and "emphasize[d] particular aspects of that decision," we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the questions of law raised by Estrada's petition de novo. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Estrada's argument that the five-year limitations period that 8 U.S.C. § 1256(a) imposes on rescission of an individual's adjustment of status renders her removal proceeding untimely requires that Estrada have adjusted her status to that of a lawful permanent resident ("LPR") in the first place. However, Estrada affirmatively abandoned her LPR status in 1999, by filing an "Abandonment of Lawful Permanent Resident Status" form with the American Embassy in Manila, Philippines. As of 1999, therefore, she no longer had that status. Although Estrada argues that the issuance of a "replacement card" in 2000 somehow conferred on her new LPR

2

status, Estrada's motion to terminate removal proceedings concedes that the replacement card was "mistakenly issued by [the United States Citizenship and Immigration Services]." Estrada cites no authority for the proposition that the mistaken issuance of a "replacement card" conferred LPR status anew. On the contrary, mistaken issuance of a document that shows status does not actually confer that status. *Cf. Hizam v. Kerry*, 747 F.3d 102, 105, 107-08 (2d Cir. 2014) (holding that a Consular Report of Birth Abroad that was mistakenly issued by a U.S. Embassy did not confer citizenship). Nor does Estrada provide any other reason why she should be regarded as having had LPR status at the time her removal proceeding was commenced. Because Estrada did not have LPR status at the time her removal proceeding was commenced (and *a fortiori* had not "otherwise adjusted" her status to that of an LPR, *see* 8 U.S.C. § 1256(a)), the five-year statute of limitations for rescission of LPR status in 8 U.S.C. § 1256(a) has no application.

Moreover, even if Estrada still had LPR status, the limitation period set forth in § 1256(a) would not apply to the proceedings in this case for two reasons. First, we have held that, because § 1256(a) applies only to immigrants who have obtained LPR status by adjustment of status, it has no application to those who, like Estrada, obtained that status by consular processing. *See Adams v. Holder*, 692 F.3d 91, 107 (2d Cir. 2012). Second, we have held that § 1256(a) does not apply to removal proceedings.[1] *See id.* We are bound by the prior precedent from our Court until and

---

1 A number of other circuits have reached the same conclusion. *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 545-46 (11th Cir. 2011); *Stolaj v. Holder*, 577 F.3d 651, 656-57 (6th Cir. 2009); *Kim v. Holder*, 560 F.3d 833, 837-38 (8th Cir. 2009); *Asika v. Ashcroft*, 362 F.3d 264, 270-71 (4th Cir. 2004); *Oloteo v. INS*, 643 F.2d 679, 682-83 (9th Cir. 1981). *But see Garcia v. U.S. Att'y Gen.*, 553 F.3d 724, 727-28 (3d Cir. 2009) (holding that the limitations period in 8 U.S.C. § 1256(a) prohibits the initiation of removal proceedings based exclusively on fraud in obtaining the adjustment of status beyond a five-year period). *See generally* Liliana Zaragoza, Note, *Delimiting Limitations: Does the Immigration and Nationality Act Impose a Statute of Limitations*

unless that precedent is abrogated by the Supreme Court or by our Court sitting en banc. *See*

*United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004).

      For the foregoing reasons, the petition for review is DENIED.

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk

---

*on Noncitizen Removal Proceedings?*, 112 Colum. L. Rev. 1326 (2012) (discussing split of authority).