Toolsie v. Lynch

BIA
Sagerman, IJ
A205 308 528

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      BARRINGTON D. PARKER,
      DENNY CHIN,
          *Circuit Judges.*

_____

TIRNARINE TOOLSIE,
      *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

15-544
NAC

FOR PETITIONER:      Nataliya I. Gavlin, Gavlin & Associates,C., New York, NY.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Tirnarine Toolsie, a native and citizen of Suriname, seeks review of a February 4, 2015 decision of the BIA affirming an October 2, 2014 decision of an Immigration Judge ("IJ") denying Toolsie's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Tirnarine Toolsie,* No. A205 308 528 (B.I.A. Feb. 4, 2015), *aff'g* No. A205 308 528 (Immig. Ct. Napanoch Oct. 2, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We generally lack jurisdiction to review a final order of removal against an alien who, like Toolsie, is removable by reason of having been convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). However, we retain jurisdiction to conduct *de novo* review of "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772

2

(2d Cir. 2009). When assessing jurisdiction, we must "study the arguments asserted" to "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings" or raises a true constitutional claim or question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). None of Toolsie's arguments on appeal constitutes a constitutional claim or question of law.

Toolsie first argues that the IJ clearly erred in making an adverse credibility finding to reject Toolsie's claim that he is gay and consequently fears persecution and torture in his native Suriname. The IJ found Toolsie's testimony not credible, in part, because Toolsie "initially testified that he had practiced homosexuality" with a man he met on Facebook, *see* Certified Administrative Record at 53, but on cross-examination, admitted that he had never had physical contact with another man. Toolsie asserts that the IJ's credibility assessment was premised on the erroneous assumption that "practicing homosexuality" must entail intercourse or sexual touching.

Toolsie's argument misreads the record. Not only did the IJ also find Toolsie not credible because he failed to produce

available corroborating evidence, but also Toolsie did, in fact, claim on direct examination that he had "sexual relation[s]" with the man he met through Facebook, Certified Administrative Record at 96, disproving Toolsie's claim that the IJ's decision rested on a specific and arbitrary definition of "practicing homosexuality." Thus, despite Toolsie's efforts to recharacterize the IJ's decision, the argument "merely quarrels" with a factual finding and is therefore beyond our jurisdiction. *Xiao Ji Chen*, 471 F.3d at 329.

Toolsie next attacks the agency's finding that he failed to demonstrate a likelihood of persecution or torture in Suriname. On this point, Toolsie attempts to manufacture a legal error by arguing that the IJ failed to consider both Toolsie's testimony about his sister's comments on homophobia in Suriname and a passage from the 2013 State Department Country Report on Human Rights Practices that states that the gay community in Suriname is stigmatized and abused. *Cf. Tambadou v. Gonzales*, 446 F.3d 298, 302 (2d Cir. 2006) ("We remand for reconsideration or rehearing (or a new hearing) where the IJ's or BIA's determination 'is based on an inaccurate perception of the record, omitting potentially significant facts.'"

4

(quoting *Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004)). This, too, is the type of "rhetoric" we must look past. *Xiao Ji Chen*, 471 F.3d at 329. The IJ stated repeatedly that it found Toolsie's testimony not credible, and the IJ gave full consideration to the State Department Country Report. Toolsie's real complaint, therefore, is about how the IJ weighed the evidence, which we lack jurisdiction to review.

Finally, Toolsie challenges the agency's determination that the aggravated felony underlying the removal order, robbery in the second degree, ranked as a "particularly serious crime." Withholding of removal is unavailable under the Immigration and Nationality Act or the CAT if an alien has been convicted of a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). If, as here, the crime is not *per se* particularly serious, 8 U.S.C. § 1231(b)(3)(B)(iv) (providing that aggravated felonies that result in an aggregate prison sentences of five years or more are particularly serious as a matter of law), then the agency evaluates whether it is particularly serious by "examin[ing] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *In Re N-A-M-*, 24 I.

5

& N. Dec. 336, 342 (BIA 2007). The IJ considered these factors and found that Toolsie had been convicted of a particularly serious crime. Toolsie argues that his crimes should not be deemed particularly serious because a state court judge granted his motion for a "Violent Felony Override" based on a finding that the offense did not involve the use of a deadly or dangerous instrument or the infliction of serious physical injury. N.Y.C.R.R. § 1900.4(c)(1)(iii). Toolsie, however, never introduced any documentation of the state court judge's ruling in the proceedings below, and so it is outside the administrative record. 8 U.S.C. § 1252(b)(4)(A). And, even if he had introduced the ruling, it would be but one more piece of evidence for the IJ to weigh in making a factual determination about the seriousness of Toolsie's offense. His argument is thus neither a constitutional claim nor a question of law. It is therefore beyond our jurisdiction. *Ortiz-Franco*, 782 F.3d at 91.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6