Wang v. Whitaker

BIA
A098 975 831

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand nineteen.

PRESENT:
>   PIERRE N. LEVAL,
>   JOSÉ A. CABRANES,
>   GERARD E. LYNCH,
>        *Circuit Judges.*

_____

YAOHE WANG,
>        *Petitioner*,

>   v.                                          17-633
>                                               NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:              Dehai Zhang, Flushing, NY.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant
                             Attorney General; Russell J.E.
                             Verby, Senior Litigation Counsel;
                             Kristen Giuffreda Chapman, Trial
                             Attorney, Office of Immigration
                             Litigation, United States
                             Department of Justice, Washington,
                             DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yaohe Wang, a native and citizen of the People's Republic of China, seeks review of a February 24, 2017, decision of the BIA, denying his motion to reopen. *In re Yaohe Wang,* No. A098 975 831 (B.I.A. Feb. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Wang sought reopening after the BIA summarily dismissed his appeal of an immigration judge's denial of relief from removal, asserting that he had not received a briefing schedule. "[A] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary materials." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). The BIA may deny a motion to reopen if "the movant has not introduced previously unavailable, material evidence." *INS v. Abudu*, 485 U.S. 94, 104 (1988). The BIA

2

did not abuse its discretion in denying Wang's motion to reopen because he did not submit any evidence, such as affidavits, in support. *See* 8 U.S.C. § 1229a(c)(7)(B); *Abudu*, 485 U.S. at 104.

Further, the BIA provided Wang due process. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). Wang had a full and fair opportunity to file a brief when, over the course of one year and a half, the BIA sent him two briefing schedules at the correct addresses of record and reopened proceedings to permit him a second opportunity to file a brief. *Id.*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court