Lin v. Whitaker

BIA
Videla, IJ
A088 996 431

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

_____

KE LONG LIN,
>        *Petitioner*,

>        v.                                    16-4105
>                                              NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Cindy S.
                         Ferrier, Assistant Director; Matt
                         A. Crapo, Attorney, Office of
                         Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Ke Long Lin, a native and citizen of the People's Republic of China, seeks review of a November 28, 2016, BIA decision that affirmed the March 10, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Ke Long Lin,* No. A088 996 431 (B.I.A. Nov. 28, 2016), *aff'g* No. A088 996 431 (Immig. Ct. N.Y. City Mar. 10, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under these circumstances, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

Lin applied for asylum, withholding of removal, and CAT relief, asserting that he fears persecution based on the birth of his three children in the United States in violation of China's population control program. The applicable standards

2

of review are well established.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

As an initial matter, contrary to Lin's contention, the agency applied the correct burden when considering his application.  *See id.* at 156-57 & n.15.  For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Lin failed to satisfy his burden for asylum, withholding of removal, and CAT relief. *See id.* at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  While the petitioners in *Jian Hui Shao* were from Fujian Province, and Lin is from Zhejiang Province, as with the evidence discussed in *Jian Hui Shao*, Lin's evidence related to Zhejiang Province does not describe the use of force in the enforcement of the family planning policy against Chinese nationals returning with U.S.-born children.  *See id.* at 160-61, 165-66, 171-72.

Our jurisdiction to review the agency's denial of cancellation of removal based on Lin's failure to establish hardship to a qualifying relative is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008), for which our review is de novo,

3

*Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). When assessing jurisdiction, we "study the arguments asserted" to "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings" or raises a true question of law. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Lin's argument that the agency erred in characterizing his daughter's health issues as "manageable" is not colorable because that is how her doctor characterized them. *See Barco-Sandoval*, 516 F.3d at 40 ("[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction . . . ."). Lin's remaining arguments merely quarrel with the agency's factual findings. *See Xiao Ji Chen*, 471 F.3d at 330-31.

We agree with the Government that Lin's brief on appeal to the BIA was inadequate to serve also as a motion to remand for consideration of new evidence. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (requiring a party asserting that the BIA cannot properly resolve an appeal without further fact-finding to file a motion to remand); BIA Practice Manual Ch.

4

07102018-10

5.8(b) ("[P]arties submitting new evidence should articulate the purpose of the new evidence and explain its prior unavailability."); *see also Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may not review evidence proffered for the first time on appeal).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

07102018-10