Barriga v. Barr

BIA
Montante, IJ
A076 563 917

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand twenty.

PRESENT:
    DENNIS JACOBS,
    JOSÉ A. CABRANES,
    JOSEPH F. BIANCO,
        *Circuit Judges.*

_____

RICARDO BARRIGA,
        *Petitioner,*

    v.                                          19-2048
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Pankaj Malik, Warshaw Burstein,
                         LLP, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Mary Jane Candaux,
                         Assistant Director; Nicole J.
                         Thomas-Dorris, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Ricardo Barriga, a native and citizen of Peru, seeks review of a June 28, 2019, decision of the BIA summarily dismissing Barriga's appeal of a January 2, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ricardo Barriga,* No. A076 563 917 (B.I.A. June 28, 2019), *aff'g* No. A076 563 917 (Immig. Ct. Batavia Jan. 2, 2019). His appeal was summarily dismissed because, after indicating in the notice of appeal that he would file a brief, his lawyer missed an already extended deadline, and later filed an untimely brief without making the requisite motion to file out of time. The dismissal was authorized by regulation.[1] We

---

1 The BIA may summarily dismiss any appeal in which "[t]he party concerned indicates on Form EOIR-26 or Form EOIR-29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do

assume the parties' familiarity with the underlying facts and procedural history.

Our jurisdiction is limited to constitutional claims and questions of law because Barriga is removable by reason of a controlled substance conviction. *See* 8 U.S.C. § 1252(a)(2)(C), (D).  We review such claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

This Court lacks jurisdiction because Barriga has raised no constitutional issue or question of law.  His challenge to the BIA's summary dismissal implicates the BIA's discretionary authority to refuse to accept untimely briefs.  *See* 8 C.F.R. § 1003.3(c)(1) ("In its discretion, the Board may consider a brief that has been filed out of time.").  Critically, Barriga makes no claim that the BIA applied an incorrect legal standard, such as by misunderstanding the scope of its authority to excuse a late brief.

Barriga's argument is that the BIA's refusal to accept his late brief "constitutes an abuse of discretion because the denial is partially based on an error of fact," namely,

---

so, within the time set for filing."  8 C.F.R. § 1003.1(d)(2)(i)(E).

the BIA's determination that his brief exceeded the 25-page limit. (Pet'r Br. at 28.) But Barriga distorts the BIA's decision. His motion to file an untimely brief was denied because the BIA had already granted his lawyer's first request for an extension, and because she filed the motion to accept a late brief more than two weeks after the extended deadline. The page limit was an ancillary point. In any event, Barriga's compliance with the page limit is a point of fact, not a constitutional issue or legal question.

Nor do Barriga's underlying challenges to the IJ's removal decision implicate constitutional issues or questions of law. Barriga complains that the IJ did not allow his expert witness to testify by telephone, noting that the expert would have provided key evidence for his CAT claim: the "archaic and barbaric treatment of individuals in Peru with serious mental disabilities." (Pet'r Br. at 30.) But he cannot claim that the IJ erred as a matter of law in precluding telephonic testimony. Likewise, Barriga's criticism of the IJ's adverse credibility determination is purely factual: that the IJ relied on "minor and basically immaterial" inconsistencies

in his testimony.  (Pet'r Br. at 31.)

Likewise unavailing is Barriga's argument that the IJ erroneously concluded that his 2017 convictions for third-degree assault and felony DWI are "particularly serious crime[s]."  (Pet'r Br. at 30.)  Barriga contends that the IJ erred by "fail[ing] to apply a case-by-case analysis to a crime that is not per se particularly serious."  (Pet'r Br. at 30.)  But he does not cite the record to substantiate the contention, nor any legal authorities to explain how it would be error if it were so.  In any event, the IJ did consider the particular circumstances of his crimes:  "I'm looking at the indictment, I'm looking at the police report, and I'm going to look at the facts of the case to determine whether . . . these were particularly [serious] offenses."  (CAR at 206.)  Accordingly, since none of Barriga's challenges implicate constitutional issues or legal questions, we lack jurisdiction to entertain his petition for review.

For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court