Cuellar Rivas v. Garland

BIA
Straus, IJ
A043 280 942

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.**

_____

**MIGUEL ANGEL CUELLAR RIVAS, AKA MIGUEL ANGEL RIVAS,**
> *Petitioner*,

v.

19-716
NAC

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

FOR PETITIONER:              Jon E. Jessen, Law Offices Jon E. Jessen, LLC, Stamford, CT.

---

*Judge Robert A. Katzmann, who was a member of the original panel in this case, died before the panel issued a decision. Pursuant to Second Circuit Internal Operating Procedure E(b), the matter is being decided by the two remaining members of the panel.

**FOR RESPONDENT:**      Brian M. Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Miguel Angel Cuellar Rivas, a native and citizen of Guatemala, seeks review of February 27, 2019 and March 31, 2017 decisions of the BIA ordering his removal and affirming a June 2, 2016 decision of an Immigration Judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"). *In re Miguel Angel Cuellar Rivas,* No. A 043 280 942 (B.I.A. Feb. 27, 2019, Mar. 31, 2017), *aff'g* No. A 043 280 942 (Immig. Ct. Hartford June 2, 2016). We assume the parties' familiarity with the underlying facts and procedural history. We find no error in the BIA's conclusion that Cuellar Rivas is removable for an aggravated felony and that he failed to show that he would more likely than not be tortured in Guatemala based on events that occurred in the late 1980s.

As to removability, we have reviewed the BIA's decision that Cuellar Rivas's conviction is a crime of violence as defined in 18 U.S.C. § 16(a). *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). Whether a conviction is an aggravated felony is a question of law that we review de novo. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Pierre v. Holder,* 588 F.3d 767, 772 (2d Cir. 2009).

2

Cuellar Rivas was convicted of an aggravated felony crime of violence as defined in 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(a) because, at the time of Cuellar Rivas's offense, strangulation under Connecticut General Statutes § 53a-64bb necessarily involved the use of violent physical force. *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (holding that the similarly worded "physical force" clause in the Armed Career Criminal Act "means *violent* force—that is, force capable of causing physical pain or injury to another person"). To be convicted under this Connecticut statute at the time of Cuellar Rivas's offense, a person had to "restrain[] another person by the neck or throat with the intent to impede the ability of such other person to breathe or restrict blood circulation of such other person and . . . impede[] the ability of such other person to breathe or restrict[] blood circulation of such other person." Conn. Gen. Stat. § 53a-64bb (2007).[2] It follows that a defendant must apply force sufficient to impede breathing or restrict circulation. *Id.* Accordingly, second-degree strangulation in Connecticut requires intentional physical force and satisfies the use-of-force requirement in § 16(a). *See id.*; *Johnson*, 559 U.S. at 140.

As to the denial of relief under the CAT, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). An applicant for CAT deferral must "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). Torture is defined as "any act by

---

[2] The statute was amended in 2017, after Cuellar Rivas's conviction.

which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." *Id.* § 1208.18(a)(1). We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1693 (2020).

The agency concluded that Cuellar Rivas's fear of torture based on a 1988 encounter with members of the Guatemalan military and his refusal of recruitment efforts by guerillas during the Guatemalan civil war was too speculative to warrant relief. That conclusion is supported by substantial evidence. Cuellar Rivas testified to the events in the 1980s and provided evidence of current conditions in Guatemala, but he presented no evidence that any current or former military member or former guerilla from his past had a continued interest in him, and his fear was undermined by the passage of time and his multiple visits to Guatemala during which he was not harmed. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Based on this record, the agency reasonably found that Cuellar Rivas had not met his burden of proving he would more likely than not be tortured. *See* 8 C.F.R. § 1208.16(c)(2); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court