21-6278-ag
*Smith v. Garland*

BIA
Tsankov, IJ
A041 307 913

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand twenty-three.

Present:

> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

LINCOLN JUNIOR SMITH,

> *Petitioner*,

v.                                                                          21-6278-ag

MERRICK B. GARLAND, United States
Attorney General,

> *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | LILY GUTTERMAN AND AIDAN LANGSTON, Rule 46.1(e) Law Students (Jacqueline Pierce, Paige Austin, Make The Road New York, Brooklyn, N.Y.; Nancy Morawetz, Supervising Attorney, *on the brief*), Washington Square Legal Services, New York N.Y. |

1

For Respondent: CRAIG A. NEWELL, JR., Senior Litigation Counsel (Brian Boynton, Principal Deputy Assistant; Jennifer J. Keeney, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Lincoln Junior Smith, a native and citizen of Jamaica, seeks review of an April 12, 2021, decision of the Board of Immigration Appeals ("BIA") concluding that a prior criminal conviction renders him ineligible for cancellation of removal. We assume the parties' familiarity with the case.

We review *de novo* the sole issue presented on appeal: whether Smith's conviction for a second-degree offense under N.J. Stat. Ann. § 2C:35-7.1 is an aggravated felony that bars him from applying for cancellation of removal under 8 U.S.C. § 1229b(a)(3). *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We owe no deference to the BIA's interpretation of state law. *See James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008).

Under 8 U.S.C. § 1229b(a)(3), an alien is ineligible for cancellation of removal proceedings if he has "been convicted of any aggravated felony." In determining whether a conviction is for an "aggravated felony," we apply the "categorical approach," considering only whether the generic elements of the state offense (rather than the defendant's specific offense conduct) are comparable to an "aggravated felony" listed in 8 U.S.C. § 1101(a)(43). *See United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012); *Moncrieffe v. Holder*, 569 U.S. 184, 190–92 (2013). If there is not a categorical match to an offense enumerated in that provision, the agency or court must determine

2

whether the statute of conviction is "divisible," in which case the "modified categorical approach" applies. *Mendez v. Mukasey*, 547 F.3d 345, 348 (2d Cir. 2008). Under the modified categorical approach, a court may also "consider facts underlying the prior conviction if they are based upon 'adequate judicial record evidence.'" *Beardsley*, 691 F.3d at 259 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). "A divisible statute is one that lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element. On the other hand, an indivisible statute creates only a single crime, but it may spell out various factual ways, or means, of committing some component of the offense." *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017) (cleaned up). To determine whether a premise of a statute is an element or a means, courts may rely on the text of the statute and state courts' decisions interpreting it. *See id.* at 64–67; *see also Mathis v. United States*, 579 U.S. 500, 517–18 (2016). "[I]f state law fails to provide clear answers," courts may look to "the record of a prior conviction itself." *Id.* at 518.

In this case, Smith was convicted of a second-degree offense under N.J. Stat. Ann. § 2C:35-7.1, which reads:

> *Any person who violates subsection a. of N.J.S.2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while in, on or within 500 feet of the real property comprising a public housing facility, a public park, or a public building is guilty of a crime of the second degree*, except that it is a crime of the third degree if the violation involved less than one ounce of marijuana.

(Emphasis added). The italicized portion above sets forth the second-degree offense under the statute. Section 2C:35-7.1 specifically incorporates by reference § 2C:35-5(a), which provides:

> [I]t shall be unlawful for any person knowingly or purposely:
>
> (1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog; or

3

(2) To create, distribute, or possess or have under his control with intent to distribute, a counterfeit controlled dangerous substance.

As an initial matter, we compare this statute to the federal Controlled Substances Act ("CSA") to determine if it is a match to a felony offense. The relevant question is "whether the crime of conviction is the same as, or narrower than, the relevant generic offense." *Mathis*, 579 U.S. at 519. Contrary to Smith's position, the location element in § 2C:35-7.1 merely narrows the scope of the offense, which does not affect the categorical analysis or preclude a comparison to a generic distribution felony under 21 U.S.C. § 841.

As we previously determined in remanding Smith's case to the BIA, § 2C:35-7.1 is not a categorical match to an offense under the CSA. Neither the third-degree conduct nor the minimum conduct for conviction in the second degree under § 2C:35-7.1 (which involves possession of an ounce of marijuana) would constitute a felony under the CSA. *Smith v. Barr*, 809 F. App'x 54, 55–56 (2d Cir. 2020) (summary order). Therefore, the only question that remains in dispute is whether a second-degree violation of § 2C:35-7.1 is divisible into multiple offenses, at least one of which is categorically an aggravated felony. If so, we would then consider whether Smith had been convicted of such a qualifying sub-offense.

The BIA considered whether a second-degree offense under § 2C:35-7.1 is divisible by drug type and concluded that it is, reasoning that the following evidence provides support for divisibility: (i) § 2C:35-7.1 incorporates a violation of § 2C:35-5, which provides different penalties based on drug type; (ii) New Jersey case law permits multiple convictions under § 2C:35-7.1 for a single act involving more than one type of drug; (iii) New Jersey's model jury instructions suggest that substance is an element of the offense; and (iv) Smith's indictment identified a specific drug. Finding that § 2C:35-7.1 is divisible, the BIA applied the modified categorical approach to

4

Smith's conviction and determined that it is an aggravated felony because it involved possession with intent to distribute cocaine, which would also be a federal felony. The BIA therefore concluded that Smith had been convicted of an aggravated felony and is ineligible for cancellation of removal.

In his petition for review, Smith argues that the BIA erred in finding that § 2C:35-7.1 is divisible when the text of § 2C:35-7.1 and New Jersey case law suggest otherwise. Although the answer is not free from doubt, we conclude that Smith has the better of the argument. The text of § 2C:35-7.1 suggests that drug type is not an element of the offense. If the text of § 2C:35-7.1 requires proof of drug type as an element, such an element must be derived from one of two places: in the text of § 2C:35-7.1 itself, or in the cross-referenced text of § 2C:35-5(a). But there is no such requirement in either place. Section 2C:35-7.1 does not ask for proof of drug type for a second-degree offense, which covers any "controlled dangerous substance or controlled substance analog" except small amounts of marijuana. And § 2C:35-5(a) does not contain any suggestion that drug type is an element; it simply references "a controlled dangerous substance or controlled substance analog" without further specification.

Additionally, a New Jersey appellate decision supports Smith's contention that drug type is not an element of § 2C:35-7.1. In *State v. Williams*, the intermediate New Jersey appellate court held that a prosecutor was permitted to amend the substance specified for a § 2C:35-7.1 charge without obtaining a superseding indictment. No. A-4277-11T2, 2014 WL 1577785, at *4–5 (N.J. Super. Ct. App. Div. Apr. 22, 2014). The court explained that, among other things, the change "constituted a specification of a fact, which did not serve as an essential element of the alleged crimes." *Id.* It follows, then, that drug type is not an element of a § 2C:35-7.1 offense; rather, the presence of any "controlled dangerous substance" in the vicinity of public property gives rise to a

§ 2C:35-7.1 violation.

The government makes several arguments that § 2C:35-7.1 is divisible by drug type, none of which we find persuasive. First, the government claims that drug type is an element of a § 2C:35-7.1 offense because the statute incorporates § 2C:35-5(a). According to the government, drug type is an element of a violation of § 2C:35-5(a) because New Jersey courts have held that drug type is an element of a § 2C:35-5 offense. But those cases do not necessarily resolve the issue of whether § 2C:35-7.1 is divisible by drug type. This is because a standalone violation of § 2C:35-5 entails the application of both subsection (a), which describes the proscribed conduct, and subsection (b), which lists penalties based on drug type. *See* N.J. Stat. Ann. § 2C:35-5. It is therefore unsurprising that New Jersey courts treat drug type as an element of a § 2C:35-5 violation because subsection (b) requires proof of drug type to determine the appropriate penalty. In contrast, a violation of § 2C:35-7.1 requires the application of its own provisions as well as those of § 2C:35-5(a)—both of which, as explained above, do not mention drug type. Critically, a violation of § 2C:35-7.1 *does not* involve the application of § 2C:35-5(b), which requires proof of drug type. This is clear from the text of § 2C:35-7.1: it cross-references only § 2C:35-5(a) and pointedly does not mention § 2C:35-5(b). In fact, § 2C:35-7.1 has its own penalty scheme, rendering unpersuasive any argument that it adopts the penalty provisions from another statute.

The government next argues that drug type is an element of a § 2C:35-7.1 offense because there are New Jersey cases that sustained multiple convictions under § 2C:35-7.1 for a single act involving more than one type of controlled substance. But we read these cases to speak only to the "unit of prosecution," which is similar to but conceptually distinct from an "element" of an offense. The inquiry under a unit-of-prosecution analysis is "whether conduct constitutes one or several violations of a single statutory provision." *Callanan v. United States*, 364 U.S. 587, 597

6

(1961).  Here, the text of § 2C:35-7.1 indicates that the unit of prosecution is an individual substance because the statute prohibits various conduct with respect to "*a controlled dangerous substance*" in the singular and does not contemplate the sale of multiple drugs as a single offense. *See* N.J. Stat. § 2C:35-7.1 (emphasis added); *cf. State v. Royer*, No. A-4998-05T1, 2007 WL 3130662, at *1 (N.J. Super. Ct. App. Div. Oct. 29, 2007) (finding that "[t]he sale of multiple drugs in a school zone constitutes separate [§ 2C:35-7] offenses for each drug sold" because § 2C:35-7 "addresses 'a controlled dangerous substance' in the singular and does not address the sale of multiple drugs for a single offense").  As such, New Jersey courts appear to permit multiple convictions under § 2C:35-7.1 for a single act involving more than one type of drug, but that does not necessarily establish that drug type is an element of a § 2C:35-7.1 offense.  In other words, although a New Jersey jury might have to unanimously conclude that each count involved a different drug, we do not understand New Jersey law to require the jury to unanimously conclude *which* drug is involved in each count.

In sum, the text of § 2C:35-7.1 and a New Jersey appellate court decision suggest that a second-degree violation of § 2C:35-7.1 is indivisible, and, as we have previously concluded, the overall statute is not categorically an aggravated felony.  We note, finally, that in reaching its conclusion, the BIA also relied on New Jersey's model jury instructions and Smith's record of conviction.  Having concluded that the statutory text and an appellate court decision answer the question, however, we need not resort to such secondary sources of material for our divisibility analysis.  *See Mathis*, 579 U.S. at 518; *Harbin*, 860 F.3d at 67.  Accordingly, we remand to the agency to consider the merits of Smith's application for cancellation of removal.

\*     \*     \*

7

For the foregoing reasons, we **GRANT** the petition for review and **REMAND** to the BIA for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk